THE STATE, *ex rel.* DONOHOE *vs.*, RICHARDSON, Respondent.

1. The purchaser at a tax sale of several tracts, separately sold and bid off, is entitled to a deed from the register reciting the fact that thay were so sold and purchased.
2. But it is not necessary that the deed should recite that the register, upon due examination, is satisfied that all the requisites of the law have been complied with, as the execution of the deed furnishes as good evidence that he is so satisfied as would a recital.

*W. Adams*, for the relator.
*Gardenhire*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This is a petition for a mandamus on the register of lands, compelling him to issue a deed to Stephen Donohoe, for lands

sold for taxes, on which, it is represented, that the said Donohoe, at a sale of lands for the taxes for the year 1851, made by the collector of Linn county, on the first Monday in October, in the year of our Lord 1852, became the purchaser of five several tracts or parcels of land, which were separately sold for the sum of one dollar for each tract, which said sums were paid by the said Donohoe ; that more than two years have elapsed since said sale, and that all the prerequisites necessary to entitle him to a deed under the law have been complied with.

It is further represented that, in January, 1855, Donohoe applied to the register for a deed for the said lands, who delivered him one. This deed was refused by Donohoe on two grounds ; first, because the deed made it appear that the lands were sold and purchased in a lump or in one body, and at one bid, against the truth of the case ; secondly, that the deed fails to recite the fact that the register of lands was satisfied, upon due examination, that all the requisitions of the law had been complied with. These facts are not controverted by the register, and the case is submitted to the court upon the petition and return.

It is clear, from the facts as agreed, that the first objection to the deed is a valid one. The deed does not state the truth of the case, and a purchaser is entitled to a conveyance which recites the various acts of sale in the manner they actually took place. The law never contemplated that delinquent lands should be sold in the lump. A deed showing that lands were sold in this manner, could not be contradicted, and a purchaser would not be at liberty to prove that they were sold in the manner required by law. The several parcels may belong to different individuals, and there being but a single sale, the purchaser would have a right to insist that the owner of one tract, applying for redemption, should redeem all the lands sold at one time, although but a single tract belonged to him. As the law requires that each tract should be sold for its own taxes and penalties, a purchaser is entitled to a deed which shows that the sale was conducted in the manner prescribed by the statute,

when that is in conformity to the truth of the case. If the law should be violated, in this particular, in making a sale, and many delinquent tracts should be put up at one time and sold at one bid, in a lump, the sale could not be upheld, and the register would be warranted in withholding a deed.

In regard to the second objection to the deed, that it omits to recite that the register was satisfied, upon due examination, that all the requisitions of the law had been complied with, before the execution of the deed, it may be observed, that the act of 13th February, 1847, which is the last one on this subject, and on which this objection is based, (sec. 30,) does not require that the deed should contain such a recital. The register is required to be satisfied that the law has been complied with, before he executes a deed. But is not the making a deed a sufficient declaration that such is the case? If the law has not been complied with, and the register makes a deed, is he not guilty of as great a breach of duty, though he may fail to make the recital, as if he had actually made it? and would not the same penalties attach to his conduct? So that the recital contributes nothing to the security of the purchaser, or to that of the owner of the delinquent lands. If he makes the deed, and fails to insert the recital, when he knows that the law has not been complied with, there is as great a violation of duty as if he had made the recital; for the delivery of the deed is a solemn declaration on his part of the opinion that the requirements of the law have been conformed to.

If a deed was now, for the first time, to be framed under the act of 1847, the recital might be inserted as harmless, and out of abundant caution. But when we reflect that the form of the deed, adopted under the law, now long in use, omits the recital—that the omission has not and can not, in the least, affect the rights of any one interested in the sales of lands for taxes—that its insertion would not contribute any thing to the protection of delinquent land owners,—to hold now that the recital *is* necessary, when it is not required by law, would look like sporting with the rights of individuals.

Peremptory mandamus awarded, requiring a deed, in conformity to this opinion; Judge Ryland concurring; Judge Leonard not sitting.