FLETCHER VS. THE CITY OF OSHKOSH.    SECOND CASE.

The several points decided in the foregoing case and in that of *Finney et al. v. The City of Oshkosh*, ante, p. 209, reaffirmed.

A lot was bid off to the city of Oshkosh for unpaid city taxes, including an assessment for street improvements. The next year it was again bid off to the city for ordinary city taxes; and the second certificate was afterwards purchased by a third party. *Held*, that the city was not bound to preserve the lien of the street commissioners' certificate, and that the owner of such certificate must redeem from the second sale or lose his lien as against the party claiming under that sale.

APPEAL from the Circuit Court for *Winnebago* County.

This was an action to recover the amount due on street commissioners' certificates for work done in improving streets in the city of Oshkosh, under contract with the city. The facts which distinguish the case from that of *Finney v. The City of Oshkosh*, ante, p. 209, will sufficiently appear from the

opinion of the court. A demurrer to the complaint was over-ruled, and the defendant appealed.

*W. R. Kennedy* and *C. Coolbaugh*, for appellant.

*Whittemore & Weisbrod*, for respondent.

*By the Court*, COLE, J. We have already sufficiently indicated our views upon the question whether the city was liable to pay for grading streets, in *Eilert v. The City of Oshkosh*, 14 Wis., 586, and in *Finney v. The City of Oshkosh*, ante p. 209, and in another case between these same parties decided at this term. We there state that the expense of making these local improvements is by the charter made clearly and expressly a charge upon the lots fronting on the street where the improvement is made, and does not become a general charge against the city. Of the correctness of this conclusion there can be no doubt under the explicit provisions of the charter. There is nothing stated in the complaint in this case which can possibly take it out of the rule laid down in those cases. Here it appears that the city authorities included in the annual assessment roll the amount of the local assessment, and, on the tax sale, bid in the several lots for the taxes due upon them. But, as already stated in the Finney case, the city did not become liable to pay the amount merely because it bid in the property in default of other bidders. It held the tax certificates as trustee for the parties to whom the money was due, and it was only bound to see that the funds were properly applied when it received them. This was the extent of its duty and obligation in the premises. In this case it appears that the lots were afterwards sold for the ordinary city taxes levied at a subsequent year. The city bid them in, took the tax certificates, and afterwards sold them to a purchaser. As the last tax is the paramount lien, it follows that the owner of the street commissioners' certificates will have to redeem the tax certificates given on the last sale or lose his own lien. This is the only circumstance which distinguishes the case from that of Fin-

ney. But still this fact does not render the principle of law before stated inapplicable, or make the city liable. The city was not bound to protect and preserve the lien of the street commissioners' certificate. The charter imposed upon it no such duty, and it would be unjust to hold that it incurred the liability to pay for the work because the lots were sold for subsequent city taxes. The party interested in the street commissioners' certificates should see to it that his lien was not lost or destroyed on a sale for taxes subsequently levied. It was his duty to protect and preserve his own lien by paying those taxes, if nobody else paid them. In this manner he could keep his lien good, or save his interest in the first tax certificates.

The demurrer to the complaint should have been sustained. The order overruling the demurrer is reversed, and the cause remanded with directions to dismiss the complaint.