JARVIS VS. PECK and another.

A valid sale and conveyance of land for taxes under a junior assessment, cuts off all former titles or liens.

Action to quiet title by one alleging possession and title in himself, under a tax deed executed in 1863, upon a tax sale in 1856, for taxes of 1855. Answer averring possession and title in defendant under a tax deed executed in 1862, upon a sale in 1859 for taxes of 1858; and demanding judgment that the title was in defendants, &c. *Held*, that the answer set up a counter-claim, upon which the defendant was entitled to a judgment, there being no reply.

The action having been commenced in 1863, the defendant's counter-claim was perfect (under sec. 35, chap. 22, Laws of 1859) whether he was in possession or not, and therefore it was not necessary to try the question of possession.

The court having rendered a judgment merely dismissing the complaint, it would not be reversed on appeal of the *plaintiff*, being more favorable to him than the strict rules of law required.

APPEAL from the Circuit Court for *Dane* County.

Action commenced in 1863 to quiet title to land of which the plaintiff claimed to be in possession, and to which he claimed title under a tax sale made in 1856, for delinquent taxes of the previous year, and deed executed therefor in January, 1863, and recorded the same month. The defendants, *Jared* and *Anna Peck*, answered that they were in the "actual quiet and exclusive possession" of the premises; and asserted title thereto (the defendant *Anna* only by virtue of being the wife of said *Jared*) under a tax deed executed in December, 1862, upon a sale made in April, 1859, for delinquent taxes of 1858. They therefore demanded judgment for costs; that the complaint be dismissed; and that the title be decreed to be in them, &c. There was no reply.

On the trial the plaintiff offered in evidence the tax deed mentioned in the complaint; to which the defendants objected on the ground (among others) that the answer set up a counter-claim, on which they were entitled to a judgment, there being no reply. The court sustained the objection, and rendered judgment dismissing the complaint; and the plaintiff appealed.

*E. & C. T. Wakeley*, for appellant. [No brief on file.]
*Welch & Lamb*, for respondents.

*By the Court*, DIXON, C. J. We think that the answer sets up a counter-claim to the whole land in controversy, which, not having been replied to, is admitted by the plaintiff, and that no proofs could have been received. The plaintiff sues to quiet title under section 29, chapter 141, R. S., or chapter 22, Laws of 1859, and alleges possession and title in himself by virtue of a tax deed issued for the nonpayment of taxes assessed in the year 1855. The defendants (the defendant *Anna* claiming no interest except as the wife of the defendant *Jared*) answer averring possession and title in the defendant *Jared*, by virtue of a tax deed duly executed and delivered to him upon a sale of the same lots for the taxes assessed thereon for the year 1858. Of course a valid sale and conveyance under a junior assessment cut off all former titles or liens. The defendants likewise demand affirmative relief of the same nature as that demanded in the complaint. This is a counter-claim. R. S., ch. 125, sec. 11. It is a several claim existing in favor of the defendant *Jared* against the plaintiff, not demanding the intervention of other parties. It is capable of forming the ground for a separate judgment against the plaintiff, under section 26, chapter 132, R. S. It is connected with the subject of the action. It does not deny the plaintiff's demand, except so far as it is founded upon his possession, but seeks to extinguish it by an equitable cross action. It is a claim which, of itself, would constitute a cause of action in favor of the defendant *Jared* against the plaintiff, in a separate suit. See 2 Whit. Pr. (ed. 1863), sec. 180, (a) and (d) and cases cited.

If it be urged that the question of actual possession was in issue, and the plaintiff had the right to go into proof upon that, the reply is, that the counter-claim is nevertheless good under sec. 35, chap. 22, Laws of 1859, above referred to. By that section the grantee in a tax deed may sue at any time within three years after its date, without being himself in possession; so that if it be conceded that the plaintiff was possessed in fact, still the answer contains a good cause of action,

which, being admitted, renders a resort to proof as to the possession quite immaterial.

But the judgment is a judgment dismissing the plaintiff's action, instead of a judgment for the defendants upon the counter-claim. The plaintiff appeals. It is obvious that he cannot complain of a judgment more favorable to him than the strict rules of law require. The defendants do not appeal. If they choose to acquiesce we see no reason why the judgment should be disturbed.

Judgment affirmed.