# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

## OCTOBER TERM, 1882.

MARY A. WASHINGTON, Plaintiff in Error, *v.* M. R. COLLINS ET AL., Defendants in Error.

### November 28, 1882.

1. CONVEYANCES — CONSIDERATION — EJECTMENT.—A deed purporting to convey land in consideration of services to be performed cannot be successfully attacked in ejectment, on the ground that the consideration has failed.

2. ——. The consideration, being the undertaking to perform services, is executed, and the deed transfers the title.

ERROR to the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
D. T. JEWETT, for the plaintiff in error.
COLLINS & JAMISON, for the defendants in error.

LEWIS, P. J., delivered the opinion of the court.

This is an action of ejectment. After the plaintiff's proofs were submitted the defendants introduced a deed from the plaintiff to John F. Darby, executed before this suit was commenced, and purporting to convey, in consideration of $100, "and other good and valuable considerations by her had and received, and to her paid by the said party of the second part," an undivided one-half of certain lands, including the land in controversy.

It is admitted on the part of the plaintiff that, if this deed is operative according to its purport, the whole title was out of the plaintiff, when this suit was commenced. The plaintiff offered to prove by Darby, as a witness, " that the deed of Mary Ann Washington to him was without consideration, except that, as her attorney, he was to prosecute suits in her name for the recovery, from those in possession, of the said survey, and that the half so conveyed to him was to be his fee for such services; that said Darby wholly failed to prosecute such suits, and wrote to said Washington that she had no title, and that he declined to bring said suits, and that she was at liberty to employ any other attorney for that purpose, and that he had no title papers of hers in his hands, and that all this was before this suit was brought." On the defendants' objection, this testimony was excluded.

It may be admitted that, in ejectment, a party will be allowed to impeach an adverse deed for fraud in its inception, or upon any ground, which in equity would make it invalid, or in other words, which would show that it never was a deed, and therefore never passed any title. So much, at least, is settled by *Remington* v. *Linthicum* (14 Pet. 84), and other authorities cited for the plaintiff. But we do not know upon what principle it can be said that a deed which is admitted to be valid when executed and delivered, and sufficient to operate a transfer of title, may, nevertheless, by reason of some subsequent event, become void from its inception. The condition premised requires that the title shall have passed. How then can any later act or omission reverse the historical fact, and adjudge that the grantee has never acquired anything? It is axiomatic that, if a title is once vested in B., he can never be divested, otherwise than by some process which the law holds effectual to accomplish a transfer. But, except in the case of death or marriage, such a process can never consist of matter *in pais*, which may be proved by parol.

The plaintiff assumes that, by reason of Mr. Darby's refusal to perform the consideration, the deed has become cancelled, and the property reinvested in the grantor. There is no tenable ground for such an assumption. The consideration for the conveyance was, not the performance of professional services, but the undertaking to perform them. The consideration was executed. In the strongest possible view that can be taken for the plaintiff, she would have her election to proceed for a cancellation of the deed, and a restoration of her title, or in an action for damages for breach of the grantee's undertaking. How could any court, in a collateral proceeding, make election for her, assume that she refuses to affirm the conveyance, or to demand damages, and pronounce judgment of cancellation, even without the presence of the grantee as a party in the suit? There seems really to be no material distinction between the case here presented, and that of a deed executed in consideration of an undertaking to pay money. If the money remain unpaid, the grantor will have his action for it. But he cannot, for the mere failure to perform, demand a cancellation of the deed. If it were made to appear that, when the deed was executed, Mr. Darby was under a legal incapacity to perform the services promised, and so perpetrated a fraud in undertaking to render them, there might be some sort of parallel between this case and the authorities cited for the plaintiff. But it does not even appear that Mrs. Washington ever acquiesced in Mr. Darby's refusal to proceed with the suits, or that she agreed with him to do away with their agreement and have a return of the property to her.

We think that the court was right in excluding the testimony offered; and, as no other question is here submitted for our consideration, the judgment will be affirmed. All the judges concur.