ALDEN T. KEEN *vs.* JEREMIAH SHEEHAN.

Middlesex.   March 13, 1891. — June 27, 1891.

Present: FIELD, C. J.; HOLMES, MORTON, & LATHROP, JJ.

*Tax — Sale by Collector — Lien.*

If land is advertised for sale at the same time in the same newspaper by the same collector for the taxes of two successive years, and at the time and place appointed is sold by him to one for the tax of the earlier year, and later at the same sale to another for the tax of the year following, the second sale is valid, and the purchaser thereat is entitled to the land.

WRIT OF ENTRY, to recover a parcel of land in Cambridge. The case was submitted to the Superior Court, and, after judgment for the demandant, to this court on appeal, on agreed facts, which, so far as material to the point decided, appear in the opinion.

*S. H. Dudley,* for the tenant.

*J. M. Hall,* for the demandant.

HOLMES, J.   This is a writ of entry, brought by one purchaser at a tax-sale against another.   The land was advertised at the same time in the same newspaper by the same collector for the taxes of 1880 and of 1881.   At the time and place appointed it was sold to the tenant for the taxes of 1880, and later at the same sale it was sold to the demandant for the taxes of 1881. The deed to the demandant is dated a day later than the deed to the tenant.

The only question intended to be raised is whether land can

be sold thus successively, at the same time and place, by the same collector, for the taxes of different years. We see no objection to such a course sufficient to warrant our declaring the demandant's title void. The tax for each year is a debt; *Felker* v. *Standard Yarn Co.* 148 Mass. 226; *Richardson* v. *Boston*, 148 Mass. 508; and a distinct debt. The lien for each year is shown to be distinct by the nature of the debt which it secures, and by the distinct time for which it lasts. Pub. Sts. c. 12, § 24. There is no doubt that a sale after the 1st of May for taxes of a previous year does not prevent a subsequent sale for the taxes due as of the 1st of May. *O'Day* v. *Bowker*, 143 Mass. 59. The first sale conveys a good title, subject to the right of redemption and subject to the later and paramount lien. For the lien of each year's tax is paramount to all previous liens. *Langley* v. *Chapin*, 134 Mass. 82. *Anderson* v. *Rider*, 46 Cal. 134. *Wass* v. *Smith*, 34 Minn. 304. *McFadden* v. *Goff*, 32 Kan. 415, 418.

There is nothing in the statutes to overcome these general considerations. The plural used in the direction to the collector, in the Pub. Sts. c. 12, § 35, to sell so much, etc., " as shall be sufficient to discharge the taxes," is satisfied if interpreted as referring to the " taxes " mentioned in § 24 as constituting a lien. Nothing is less likely than that it was used in contemplation of a sale for the taxes of different years at the same time. The provision in § 38, that the collector's deed shall convey all the right and interest which the owner had therein, etc., was inserted *alio intuitu*, and does not affect the lien for taxes. See *Langley* v. *Chapin*, 134 Mass. 82, 88.

If the sale for the tax of 1880 had been made by a different collector, on an earlier day and at a different place from the sale for the tax of 1881, we doubt if it would have occurred to any one to deny the validity of the subsequent sale on the ground that the tax for 1881 was due when the former sale took place. The fact that the two sales were made by the same man at the same place and on the same day does not seem to us to make any change in their effect. The cases cited for the tenant seem to have turned on the language of the statutes under which they arose. *Hough* v. *Easley*, 47 Iowa, 330. *State* v. *Helmer*, 10 Neb. 25.　　　　*Judgment for the demandant.*