## GEORGE R. ALLEN v. A. W. COURTNEY.

### Decided June 30, 1900.

**1. Trustee's Sale—Nonpayment of Debt—Burden of Proof.**

Plaintiff claiming title through a trustee's deed need not prove nonpayment of the debt secured by the trust, it being recited in the deed to him, where the deed of trust provided that recitals in the trustee's deed should be prima facie evidence of the truth thereof; it was for defendant to disprove the recited facts.

**2. Limitation—Five Years—Registered Deed.**

To show defense to suit for land under five years limitation there must be both possession for that period before suit brought, and a deed duly registered for the same period.

**3. Limitation—Tax Deed—Color of Title—Presumption.**

A tax deed did not constitute title or color of title under the statute of limitation where the levy on the land by the tax collector was not shown to be authorized at the time, because the taxpayer was a nonresident, who could pay to the Comptroller, and it did not appear that the latter had then furnished to the collector the list of those who had so paid. Rev. Stats., arts. 5172, 5173, 5176.

**4. Tax Sale—Separate Assessment—Sale in Gross.**

Where lots are separately assessed each of them can be sold only for the taxes against it; a sale in gross is void on its face.

APPEAL from Childress. Tried below before Hon. G. A. BROWN.

*Edward E. Diggs,* for appellant.

*Fires & Decker,* for appellee.

CONNER, CHIEF JUSTICE.—The controversy herein involves the title and right to the possession of lot 1 in block 32 in the town of Childress, Childress County, Texas. Both parties claim under one Owen Shriver, as common source of title. Appellee, who was plaintiff below, claims by virtue of a sale under a trustee's deed executed by said Owen Shriver and his wife, M. L. Shriver, on the 1st day of April, 1891, to secure an in-

debtedness of $1200 maturing April 1, 1896. Appellant claims by virtue of a purchase of the property for the State and county tax due thereon for the year 1893, as assessed against the said Owen Shriver, the sale having been made to appellant by the tax collector of Childress County and conveyed to him by tax deed dated April 6, 1894. The further material facts will be stated in connection with the disposition made of the assignments of error.

The only attack made upon the regularity of the title as offered by appellee is that it is insisted that because of his failure to prove the nonpayment of the obligation to secure which the trust deed was executed, no authority in the trustee making the sale was shown. The deed to appellee by the trustee recited the nonpayment of the obligation and the performance of other prerequisites to the exercise of the power of sale, and the trust deed giving the power expressly provided that the recitations in any deed made by a trustee thereunder should constitute *prima facie* evidence of the truth thereof.

Mr. Jones, in his work on Mortgages (fourth edition), volume 2, section 1830, says: "When the validity of a sale under a power is questioned, on the ground that the advertisement of the sale was not made in pursuance of the deed, the better opinion is that in an action at law it will be presumed, after the execution of a deed under the power of sale to the purchaser, that all the terms of the power and all requirements as to notice have been complied with. Certainly in an action of ejectment by the purchaser against the grantor or other person in possession, no evidence aside from the deed to such purchaser and the recitals in it is necessary to show title and right of possession in the plaintiff."

It is said this rule does not obtain in equity, save where, as in this case, it is provided in the trust deed that the recitals in the trustee's deed shall constitute *prima facie* evidence of the facts stated in it. But in this event effect is given thereto even in equity. Id., sec. 1895; 26 Am. and Eng. Enc. of Law, p. 943; Jensan v. Land and Loan Co., 21 S. W. Rep., 625.

The recitals in the trustee's deed therefore devolved the burden on appellant to disprove the fact recited which is relied upon as showing the trustee's want of power. The conclusion drawn from the authorities cited is perhaps strengthened by the fact that appellee was in possession of and offered in evidence the obligation here mentioned after its maturity without apparent satisfaction.

It is also insisted, in substance, that the judgment for appellee is erroneous, in that the evidence established that appellant was an innocent purchaser without notice of appellee's title, and was entitled to recover under his tax deed and the three and five years' statutes of limitation.

As relating to these issues, it should be stated that the trust deed under which appellee claimed was duly recorded in Childress County April 28, 1891; that the record thereof was destroyed by fire October 21, 1891, and said trust deed not recorded until December 17, 1898, until which time appellant had no notice thereof; that the property in question, to-

gether with eleven other lots, was rendered for taxation as the property of O. Shriver by one J. A. Hudson on the 25th day of March, 1893, at a total valuation of $3444, of which the lot here involved was valued at $2080. This rendition is perhaps regular, save that it did not give the name of the town or city in which said lots were situated. On January 31, 1894, the tax collector levied on the property in question, and thereafter appears to have duly advertised the same for sale. The collector testified that the tax was never paid by or for Shriver, and he sold and conveyed the property to appellant as stated in the beginning of this opinion, for the sum of $38.31, tax, penalty, and costs. The property was rendered, assessed, advertised, and sold as the property of a nonresident, from which we find the fact to be that at all of said times Owen Shriver was a nonresident of Childress County. The tax deed to appellant conveyed in gross the lots rendered save lot 9, block 7, which appears to have been a double rendition. Appellant went into possession of the lot in controversy soon after the sale to him, but did not record his deed until July 22, 1895.

From the recitation of these facts, we think it quite apparent that appellant has no cause of complaint as urged.

Appellee's original petition was filed July 21, 1899, and in order for appellant to avail himself of the five years' statute of limitation, it was necessary not only that his adverse possession should have been continued for the full period of five years before the institution of the suit, but also that such possession was under a deed or deeds duly registered for the same period. Harvey v. Cummins, 68 Texas, 600.

That appellant's deed did not constitute title or color of title appears from the fact, among others, that the levy of the collector by virtue of which the sale was made was not authorized at the time. All authorities agree that to constitute title or color of title all prerequisites must be shown. Clayton v. Rhem, 67 Texas, 52; Burr. on Tax., sec. 119.

Our statute provides that a levy shall precede a sale for delinquent taxes. Rev. Stats., art. 5176. Article 5172 permits nonresidents to pay taxes to the Comptroller of Public Accounts, and it is expressly provided in the next succeeding article that "there shall be no levy on property when the owner thereof has the right to pay at the Comptroller's office, until a list of the persons who have paid their taxes at said office has been furnished the collector of taxes by the Comptroller." This article further provides "that the Comptroller shall forward such list of paid taxes on or before the first day of February of each year, and the tax collector shall, immediately on receipt of said list from the Comptroller, levy on and sell the property of such nonresidents as have not paid their taxes, in accordance with the law regulating the sale of property for taxes."

It thus appears that the levy under which appellant claims was made before the expiration of the time within which the Comptroller was required to forward the list mentioned in the statute. Without such list the collector was not authorized to make levy. The receipt of such list

by the collector was not shown, and his power being such only as is given by statute—a mere naked power—will not be aided by presumption.

To this we might add that Mr. Burroughs in his work on Taxation cited, in section 113, page 303, says: "And where several lots are separately assessed to the same person, they must be so sold. Each lot must be sold for tax due on it, and one can not be sold for the taxes of the whole, nor can the whole of the land be sold together for the tax due on all of it," citing the cases of Shimmin v. Inman, 26 Me., 228; Hayden v. Foster, 13 Pick., 492; Donahue v. Richardson, 21 Mo., 420, and Andrews v. Senter, 32 Me., 394. This view was adopted by our Supreme Court in the case of Schleicher v. Gatlin, 85 Texas, 270, where it was held that a tax deed showing such sale in gross on its face was void.

.  Other features are perhaps worthy of notice, such as the failure of the rendition of Hudson as agent of Shriver to give the name of the city or town in which the property was situated, as required by clause 6 of article 5076, Revised Statutes, and of the sale and conveyance of one half of lots 3 and 8 in block 36 without further description of the parts so attempted to be sold; but we think it sufficiently appears that appellant had no such title as that he could thereunder prescribe or recover. We think from our findings and conclusion it must also appear that appellant can not be given relief as a purchaser for value, without notice, nor recover of appellee taxes paid by him without appellee's request.

No error appearing, it is ordered that the judgment below be in all things affirmed.

*Affirmed.*

Writ of error refused.