CITY OF EXCELSIOR SPRINGS to the use of David McCormick, Respondent, v. SAMUEL D. HENRY, Appellant.

Kansas City Court of Appeals, April 6, 1903. .

1. **Taxes:** SALE FOR: LIEN OF OTHER TAXES: PRIVATE LIEN. A sale of land for taxes for any year has not, in this State, the effect to divest the property of the lien of all prior unpaid taxes, and the purchaser takes it subject to the lien of such other taxes; but all prior liens created by the owner are extinguished.

2. ———: LIENS: STATUTE: TITLE. In Missouri, until actually sold for delinquent taxes, the title remains in the owner, who should pay all subsequently assessed taxes, and the statute gives a lien for all taxes whether state, county or city, and whether general or special.

3. **Taxbills:** LIEN OF: SUIT: RECORD OWNER. The Act of 1893 requires suits to enforce taxbills to be brought against the record owner at the time of the suit, and when such owner is a purchaser under tax sale he takes the land subject to the lien of taxbills issued subsequent to the year for the taxes of which he bought the land.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*W. A. Craven* and *Harris L. Moore* for appellant.

(1) The lien of the State for its taxes is prior and paramount to all other liens. Fleckinstine v. Baster, 114 Mo. 493; Stafford v. Fizer, 82 Mo. 393; Boyd v. Ellis, 107 Mo. 394; Allen v. McCabe, 93 Mo. 138. (2) Tax liens and the proceedings to foreclose them are governed by the same rules as mortgages. Kutz v. Gardiner, 65 Pac. 771. (3) The judgment or decree in a suit to foreclose a lien against real property binds all parties whose interest attached *pendente lite.* 9 Ency. of Pleading and Practice, page 339, and cases

cited in note. (4) The lien of the State for its taxes is made superior to plaintiff's lien for improvements by the statute creating the liens. Section 9304, Revised Statute 1899, defining the lien of a judgment for state and county taxes, says, "said judgment shall be a first lien upon said land." Laws 1893, page 108; White v. Knowlton, 86 N. W. 755, 84 Minn. 141. (5) Defendant's motion in arrest of judgment should have been sustained. In a foreclosure suit where a defendant sets up by answer an adverse or superior title, the court is without power to render absolute judgment of foreclosure against him. Either the action must be dismissed as to such defendant or his rights preserved in the foreclosure decree for future adjudication. Odell v. Wilson, 63 Cal. 154; Bozarth v. Landres, 113 Ill. 181; Whittemore v. Shell, 14 Ill. App. 414; Gage v. Perry, 93 Ill. 176; Hurley v. Cox, 9 Neb. 230; Cromwell v. McLean, 123 N. Y. 474.

*D. C. Allen* and *Sandusky & Sandusky* for respondent.

The sheriff's sale in 1897 for the taxes of 1890, under the petition filed in 1892, simply enforced the State's lien for the taxes of 1890, and the purchaser received the title, with all subsequently accruing taxes on it, which it became his duty to pay in order to clear his title. Black on Tax Titles (2 Ed.), sec. 427, and cases cited; State ex rel. v. Werner, 10 Mo. App. 41.

SMITH, P. J.—Action to enforce taxbill against a certain lot in the city of Excelsior Springs—a city of the fourth class—for a street improvement. The taxbill was dated November 5, 1894. The action thereon was begun October 31, 1899.

It appears from the record that the state and county taxes for the year 1890, become delinquent and suit was brought by the collector on April 23, 1892, against Atchison, who was then owner, for the collection of the

said taxes, and judgment was recovered in June, 1895. Later on, execution was issued and the lot was sold thereunder, in 1897, to Metheny who received a sheriff's deed therefor. By several mesne conveyances the title so acquired by him passed to the defendant Henry. At the time this action was brought the defendant Henry appeared to be the record owner.

The question presented by the record now before us is, whether or not the sale made of the lot in 1897, under the judgment in 1895, upon the petition in 1892, for the delinquent state and county taxes of 1890, cut out or extinguished the taxbills issued in 1894, by the said city for street improvements conceded to have been legally made? The plaintiff contends that the sheriff's sale simply enforces the lien of the State against the lot for the taxes and that the purchaser on receiving the sheriff's deed becomes invested with the title, subject to all subsequently accruing taxes which it becomes his duty to pay, in order to clear his title.

It is conceded that under the cases in this State, referred to by the defendant, a prior lien of the State for taxes is superior and paramount to that created by the act of the owner, such for example as a mortgage, but these cases decide nothing pertinent to the question under consideration. And the same is true as to the case of White v. Knowlton, 84 Minn. 141, for the decision of that case rests upon statutory provisions wholly dissimilar to our own.

It is stated in Black on Tax Titles, sec. 427, that the general rule prevailing in a majority of the States is, that a sale for taxes for any year cuts out the lien of all taxes assessed for any year prior to that for which the sale was made, or, in other words, a tax sale has the effect to divest the property of the lien for all prior and unpaid taxes, but in this State it has been held that such a sale does not have that effect. State v. Werner, 10 Mo. App. 41; Wag. Statutes 1872, p. 1170, sec. 60; R. S. 1899, sec. 9187. And in a jurisdiction

where it was held that a sale of land for the taxes of any year would divest the lien of all taxes assessed for any prior year it was further held that a title acquired under a tax sale for a subsequent year would prevail over a title founded on a sale for the taxes of a previous year on the ground that it was the duty of the purchaser, at the first sale, to see that subsequent taxes were paid. Anderson v. Reder, 46 Cal. 134.

It is thus seen that, where property on which the taxes for any year are delinquent, assessments for each succeeding year may be made on it as if it was not delinquent, and that it is the duty of the purchaser at a sale for the prior taxes to pay those subsequently accruing or else he will lose the property if he allows it to go to sale for the latter. It would no doubt be otherwise if the property were forfeited to the State for the non-payment of prior delinquent taxes as was provided under an Ohio statute. Under such a statute, after the forfeiture, the State would not assess the property while the owner of it. Lessee v. Osborn, 8 Ohio l. c. 187. But when the property remains that of the individual as under our statute until actually sold for the delinquent taxes, it would still be subject to the further assessment for subsequent years. Lumber Co. v. Anderson, 13 Mo. App. l. c. 435; State v. Heman, 7 Mo. App. 420; State v. Werner, ante. The statutes gives a lien for all taxes whether State, county or city, and whether general or special. Acts 1893, p. 107, sec. 9297. They provided, however, a somewhat different method of procedure for the enforcement of the lien for the latter. Acts 1893, secs. 9202, 9203. And if state and county taxes may be assessed on property on which such taxes are delinquent for a prior year, why may not local and special taxes be also assessed thereon? If it is the duty of a purchaser at a sale under the former to pay the subsequently accruing state and county taxes, why not as well the local and special taxes subsequently assessed? It was not only the duty

of Atchison to pay the taxes assessed against the property for 1890, but all the taxes subsequently assessed, whether state, county or local, from that time until his title was divested by the sale of 1897 for the taxes of 1890. The sale of 1897 did not extinguish the liens for the taxes assessed for any year prior or subsequent to that of 1890. It did, however, extinguish all prior liens created by the owner.

When Metheny, from whom the defendant derives title, in 1897, purchased under the judgment, he acquired a title good against all prior liens created by Atchison, but subject to all the valid tax liens to which the property was then or subsequently subject. The statute (Acts of 1893, supra) required the suit on the taxbills to be brought against the owner. The defendant was the then owner. The action could not be brought against Atchison who was owner when the lien accrued, because his title had previously passed to the defendant or to Metheny under whom he claims. He (Atchison) was not then the owner and therefore was not the party against whom the statute required the suit to be brought. We think the only reasonable conclusion that can be reached is, that the sale for the taxes of 1890 had no other effect than to pass the title of Atchison to Metheny, divested of all prior liens created by the act of the former, but subject to all existing valid tax liens. If it was the duty of Atchison to discharge the subsequently assessed taxes, then this burden was assumed by Metheny when he purchased.

The tax cases are numerous and are all founded on statutes variant in their provisions and are altogether quite confusing, but it is safe to say that no case can be found where it has been held that a tax sale, under a statute like ours when the facts are as here, was given the effect contended for in this case. In view of the absolute requirement of the Act of 1893, as to who shall be made the defendant in a suit in a taxbill, we can not see that the ruling made in Odell v.

Wilson, 63 Cal. 159, and the other cases cited with it, are pertinent or applicable.

We think the trial court took a proper view of the case and accordingly its judgment, which was for plaintiff, will be affirmed. All concur.