PARKER-WASHINGTON COMPANY, Respondent, v. MARTHA CORCORAN, RICHARD CORRIGAN and SKRAINKA CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. **TAXATION: Priority of Liens.** General taxation liens take priority in the reverse order of other liens.

2. **SPECIAL TAXBILLS: Nature of: Special Assessment Not Taxes.** While the theory of special assessments is referable in its origin to the taxing power, such assessments are not considered a tax in the true sense of the term, but on the contrary the amounts or value they represent are regarded as assessments for which the owner of the property has received an equivalent in the form of improvements operating to enhance the value of his property.

3. **LIENS: Legal and Equitable: Priority.** In the absence of statutory regulations to the contrary, the lien, whether it be legal or equitable, which is prior in time gives a prior claim and is entitled to satisfaction out of the subject-matter before subsequent liens binding the same property.

4. **SPECIAL TAXBILLS: Issued Under Provisions of Charter of City of St. Louis: Priority.** There being no provision in the charter of the city of St. Louis to the contrary, a special taxbill for street improvements issued pursuant to said charter takes precedence over, and its lien is superior to, a like taxbill subsequently issued.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*Karl M. Vetsburg* and *David Goldsmith* for appellant.

(1) Tax liens take priority in the reverse order of other liens, namely: "The last shall be first and the first last." In the matter of priority there is no distinc-

Parker-Washington Co. v. Corcoran.

tion between the lien of general taxes and that of special taxes for improvements. The liens of special taxbills also take priority in the inverse order of their date. Burke v. Lukens, 12 Ind. App. 648; Morey v. City of Duluth, 75 Minn. 221; 2 Cooley on Taxation (3 Ed.), p. 875; Anderson v. Rider, 46 Cal. 134; Board of Regents v. Linscott, 30 Kan. 240; Sayles v. Davis, 22 Wis. 225; Wass v. Smith, 34 Minn. 304; Fletcher v. Oskosh, 18 Wis. 233. (2) The theory of special taxation for local improvements is that of benefit to and improvement of the property. Such being the case the prior lien holder receives the benefit of the subsequent improvement, and his rights are, therefore, subject to the later taxbill. Neenan v. Smith, 50 Mo. 529; McCormack v. Patchin, 53 Mo. 36; Burke v. Lukens, 12 Ind. App. 648; 1 Page and Jones on "Taxation by Assessment," p. 16, sec. 11; Davis v. Litchfield, 145 Ill. 315. (3) The subsequent taxbill is the prior lien because the charter of the city of St. Louis makes it so. Charter City of St. Louis, art. 6, sec. 25; New York Code of Civil Procedure, sec. 3358; Lane v. Wright, 121 Ia. 379. The same would be true also, without this provision, as tax liens take effect in the reverse order of other liens as a matter of law. See cases cited under points 1 and 2. (4) A tax lien is not a contract lien but a lien created by mere act of legislation, and subjecting it to the lien of a subsequent taxbill is not violative of any constitutional provision. Frost v. Ilsley, 54 Me. 351; Martin v. Hewitt, 44 Ala. 418; Provident Institute v. Mayor, etc., 113 U. S. 506; Hall v. Bunte, 20 Ind. 304; Keating v. Craig, 73 Mo. 507.

*P. H. Cullen, Thos. T. Fauntleroy* and *Shepard Barclay* for respondent.

(1) In the absence of statutory regulation liens of equal dignity, and especially those of the same class, take precedence according to their respective dates, the

maxim being that the one prior in time is prior in right. State v. Drew, 43 Mo. App. 368; Stone v. Kelley, 59 Mo. App. 214; Pickett v. McCord, 62 Mo. App. 46; Vette v. Leonori, 42 Mo. App. 217; Lazrus v. Moran, 64 Mo. App. 239; Puryear v. Taylor, 12 Gratt. (Va.) 401; Voorhis v. Westervelt, 43 N. J. Eq. 642; Brick Co. v. Smith, 108 Iowa 307, 79 N. W. 77; Donnelly v. Johnes, 58 N. J. Eq. 442 (44 At. 180). . The effects and consequences of any proposed interpretation may and properly should be considered in reaching the probable intent of the Legis-. lature. Hilgert v. Pav. Co., 107 Mo. App. 393; State v. Drew, 43 Mo. App. 362; McAdow v. Sturtevant, 41 Mo. App. 230. (2) The provisions of the city charter, as of other statute laws, form part of every contract entered into the city of St. Louis, after their enactment. Brooks v. Railroad, 101 U. S. 451; Murray v. Brown, 91 U. S. 265; Henry Co. v. Evans, 97 Mo. 60; Pryor v. Kansas City, 153 Mo. 135; Firth v. Broadhead, 7 Mo. App. 563; Brick Co. v. Smith, 108 Ia. 307. (3) Special assessment bills for local improvements are not "taxes" within the correct meaning of that term, but are in the nature of benefit assessments though referable to the taxing power. City v. Allen, 53 Mo. 44; City v. Gates, 110 Mo. 380; City v. County, 115 Mo. 557; Burke v. Lukens, 12 Ind. App. 648; Lockwood v. St. Louis, 24 Mo. 20. (4) A statutory lien (unless otherwise so provided) cannot properly be held to interfere with similar lien rights of others already acquired. Land Co. v. Leavenworth, 42 Neb. 715, 60 N. W. 954; Crandall v. Cooper, 62 Mo. 478. (5) And the city, in the exercise of the power conferred upon it, having created a lien, cannot subsequently engraft another lien upon the prior lien to diminish the value of the first—no express authority for so doing having either been given, or, in this case, attempted to be exercised. DesMoines Co. v. Smith, 108 Ia. 307. (6) As between statutory mechanics' liens for different improvements on the same property, it has been held that the one which first attaches

has priority, following the general principle as to time here applicable. State ex rel. v. Drew, 43 Mo. App. 362; Cain v. Texas Assn., 51 S. W. 879.

NORTONI, J.—The question for decision in this case relates to the priority of lien between two special taxbills issued against the same property for different improvements. The court adjudged a priority to the lien of the taxbill which was prior in point of time and defendant, who is the holder of the junior bill, prosecutes the appeal.

Plaintiff instituted the suit on its taxbill, which is the one first issued against the owner of the property, to the end of enforcing its lien thereon. The Skrainka Construction Company, who had improved the property subsequent to the issue of plaintiff's bill, became a party defendant to the action as one having an interest in the subject-matter, and prayed that the lien of its taxbill be declared prior to that of plaintiff, but the court adhered to the rule which generally obtains throughout the law of liens to the effect that the lien prior in point of time should be given priority as to the means of satisfaction.

Both taxbills involved were issued under the provisions of the charter of the city of St. Louis. The bill sued on by plaintiff bears date November 22, 1904, and was issued in compensation for labor performed and materials furnished in improving a street adjacent to the lot of the owner named therein, who was the original defendant in this action. The taxbill owned by the Skrainka Construction Company is dated January 23, 1906, and was issued to it in compensation for labor performed and materials furnished in constructing an alley adjacent to the same lot which was owned by the original defendant.

On behalf of the defendant Skrainka Construction Company, holder of the junior taxbill, it is argued here that its lien should be declared paramount and prior for two reasons, as follows: It is said, first, tax liens

ordinarily take precedence in the reverse order of other liens; and, second, as in the cases of improvements to streets and alleys, the special assessments are made against adjacent property on the theory that such improvements add to its value, the law, therefore, presumes that the improvements evinced by the junior taxbill have essentially enhanced the value of the security for the first lien and inured to its benefit. We believe both of these arguments to be insufficient to postpone the lien of the senior to that of the junior taxbill representing subsequent improvements, for it must be remembered that the junior bill represents improvements voluntarily made with full knowledge of the lien existing in favor of the first. It is very true that as to matters of general taxation, tax liens take priority in the reverse order of other liens. As said by Judge Cooley, "In the case of tax liens, however, 'the last shall be first and the first last.'" [2 Cooley on Taxation (3 Ed.), p. 875.] But there is a sound reason for this doctrine and it lies in the fact that general taxes are levied for the purpose of supporting the government, whether it be state, county or municipal. It is obvious that no government could long continue without the frequent and regular collection of taxes, and it is to this end that the law lays a continuing obligation against the property situate within the state to respond pro rata. As this obligation usually entails a collection of the tax for succeeding years, it is said the lien for the last succeeding tax is prior to that for a preceding year. The doctrine finds application, however, generally in those cases where there is a conflict between titles flowing from the enforcement of such tax liens. For instance, if the lien of the state be foreclosed for taxes of one year and the property sold thereunder, the purchaser at such sale, of course, assumes the obligation to discharge taxes which subsequently accrue on the same property in order to prevent subsequent sales under the

enforcement of the lien for taxes to thereafter accrue. [Anderson v. Rider, 46 Cal. 134; Fletcher v. City of Oshkosh, 18 Wis. 232; Wass v. Smith, 34 Minn. 304; Sayles v. Davis, 22 Wis. 225.] The entire theory of the law in respect of this matter proceeds from the fact that it is the duty of those owning property to support the government which affords them protection and secures their titles.

For the purpose of effectuating the extraordinary powers conferred on the government to the end of sustaining itself, a sound public policy ordains that the last lien for general taxes shall prevail over all prior liens of the same nature, in order to meet the urgent necessities of an immediate collection of the revenue. In this view, the rule obtains to the effect that as the state has the right to enforce its lien for each succeeding back tax, the purchaser under the proceedings had to foreclose the last or junior lien shall receive a paramount title to one who has purchased under the foreclosure of a prior lien. Besides the cases above referred to, see Land & Lumber Co. v. Bippus, 200 Mo. 688, 98 S. W. 546; Excelsior Springs v. Henry, 99 Mo. App. 450, 73 S. W. 944. However, it has been decided in this state that the priority of the lien for general city taxes is not such as to completely divest that of a special taxbill of a date prior to the tax for which the property is sold. [Excelsior Springs v. Henry, 99 Mo. App. 450, 73 S. W. 944.] But the same considerations of public policy which obtain in aid of sustaining the government do not apply with respect to the enforcement of the liens of special taxbills. Indeed, while the theory of special assessments is referable in its origin to the taxing power, the assessment is not considered as a tax in the true sense of that term, but on the contrary the amounts or value they represent are regarded as assessments for which the owner of the property has received an equivalent or compensation in the form of im-

provements which have operated to enhance the value of his estate. [Sheehan v. Good Samaritan Hospital, 50 Mo. 155; St. Louis to use v. Allen, 53 Mo. 44; 27 Am. and Eng. Ency. Law (2 Ed.), p. 659.]

It is clear enough, when we consider the fundamental distinction between special assessments and the purposes for which general taxes are laid and collected, that the reason which renders the last subsequent tax lien prior to the one for a preceding year does not obtain with respect to the lien for such assessments.

It is a well-settled rule as to both legal and equitable liens, that, in the absence of statutory regulations to the contrary, the lien which is prior in time gives a prior claim and is entitled to satisfaction out of the subject-matter before other subsequent liens binding the same property. [Rankin v. Scott, 12 Wheat. U. S. 177, 6 L. Ed. 592, 25 U. S. 177, 25 Cyc. 678; Jones on Liens, sec. 96.] We perceive no special reason why the lien of taxbills representing special assessments for improvements should be treated different from others unless a special prerogative to one be given by the statute itself. The case of Burke v. Lukens, 12 Ind. App. 648, involved the question of priority between the lien of two taxbills for special assessments as here and the court declared the junior lien to be superior to the one represented in the first taxbill issued. But that case turned upon the peculiar wording of the Indiana statute which created the liens of both bills. The Statute of Indiana, section 4290, R. S. 1894, provided that assessments for street improvements "with the interest accruing thereon, shall be a lien upon the property so assessed and shall remain a lien until fully paid, and shall have precedence over all other liens excepting taxes." On this statute it was reasoned by the court that as each lien represented by a special taxbill was declared to have precedence over all other liens, excepting taxes, then the lien represented by the last special taxbill issued necessarily prevailed over the lien of the same nature

represented by a special taxbill of prior date. This ruling may have been well enough on that statute. That question is not open for us to decide, but the Supreme Court of Iowa rejected the reasoning of that case and declared otherwise in DesMoines, etc., Mfg. Co. v. Smith, 108 Ia. 307. We believe the reasoning of the Iowa court on the question to be sound. That court declared that unless the statute clearly signified the contrary, such liens should be preferred in accordance with the order of the time of their origin. Touching the argument that the subsequent improvement enhances the value of the property and inures to the benefit of the first taxbill, it was said such improvement enhances the value also in favor of the last contractor, too, and as he had notice of the first lien at the time the work was done, it was for him as well as the first lienor to look to the subsequent enhancement for his pay. [Des Moines, etc., Mfg. Co. v. Smith, 108 Ia. 307.] On this question it may be said that the contractor who undertakes the second or subsequent improvement is possessed of full notice of the prior improvement and taxbill and enters upon the work with full knowledge of the prior lien. It has been pointedly declared by this court in a case wherein a mechanic's lien, subsequent in point of time, was sought to be preferred to a prior lien of the same character that as the subsequent contractor had notice of the first lien and voluntarily entered into his undertaking therewith, he should be postponed thereto in so far as the lot of ground was concerned. The general doctrine was announced and enforced to the effect that the prior lien in point of time should prevail as to the lot of ground in the matter of satisfaction. [State ex rel. Lumber Co. v. Drew, 43 Mo. App. 362.] There can be no doubt that it is competent for the Legislature to provide in the statute giving the lien for special improvements in the first instance that it shall prevail over other interests which were attached prior in point of time. Such was the case of Keating

v. Craig, 73 Mo. 507, wherein the Supreme Court declared the lien of a special taxbill prior to that of a mortgage on the premises before the assessment for improvements was made. However, the judgment in that case was so given, not because the improvement represented by the subsequent taxbill enhanced the security for both, but because the statute required it. The statute provided substantially that the judgment enforcing the lien should bind all of the right, interests or estate in the land that the defendants and each of them owned at the time the lien of the taxbill commenced. The mortgagee having been made a party defendant to that case, as the statute provided, the court declared the lien of the taxbill first of the mortgage for the reason the statute so said. The court ruled that as the statute so provided, the lien of the taxbill was superior to any with which the owner might charge the land.

The present special taxbills were both issued under the provisions of section 25 of the charter of the city of St. Louis, as amended in 1901. See An. St. of Missouri, 1906, pp. 4863, 4864, 4865. Upon a careful inspection of this and other provisions of the charter, we have been unable to discover any word therein indicating that the lien of a subsequent taxbill shall prevail over a prior lien of the same character and it is only where the statute so provides that such priority may be declared. [25 Am. and Eng. Ency. Law (2 Ed.), 1236, 1237; State v. Aetna L. Ins. Co., 117 Ind. 251; Pittsburgh's Appeal, 40 Pa. St. 455.]

The judgment should be affirmed. It is so ordered. All concur.