CITY OF LACLEDE TO USE OF JOHN ABELL, RESPONDENT, v. OL F. LIBBY, APPELLANT.*

Kansas City Court of Appeals.   June 14, 1926.

*Corpus Juris-Cyc References: Husband and Wife, 30CJ, p. 573, n. 90; Municipal Corporations, 44CJ, p. 557, n. 58; p. 673, n. 57; p. 845, n. 27, 54.

*C. A. Johnson* for respondent.

*O. F. Libby, per se,* and *Charles K. Hart* for appellant.

ARNOLD, J.—This is an action to enforce payment of a special tax bill assessed against certain lots in the city of Laclede, alleged to be the property of defendant.

The facts of record are that Laclede is a city of the fourth class, in Linn county, Missouri, and that said city by its certain ordinance No. 201, established oil district No. 2, within the corporate limits of said city, for the purpose of having the streets of said district oiled and road oil, and providing for the oiling thereof, the cost to be assessed and levied as a special tax bill upon the several lots, tracts and parcels of land fronting and abutting upon the streets to be so oiled; that in pursuance of the provisions of said ordinance, the board of aldermen of said city awarded to one John Abell the contract for oiling the said streets within the established district, in accordance with the terms thereof. The oiling was done by said Abell, under contract and under the terms specified by the ordinance. After completion of the work of oiling, the cost thereof was duly assessed and apportioned against the several lots, tracts and parcels of land chargeable therewith, in proportion to the frontage upon the streets so oiled. Thereafter, on December 1, 1921, the city issued to John Abell its tax bills of that date, according to the said assessment and apportionment, in payment for the work of oiling said streets.

The petition alleges that the defendant O. F. Libby is the owner of abutting frontage of 100 feet on Olive street in said oiling district No. 2, in front of which said street was oiled, under the ordinance and contract, being lots 3 and 4, block 2, Bell's Addition to said town of Laclede. The amount apportioned and assessed against said lots was $5.57; that among the tax bills issued to said Abell was the one involved in this suit; that said bill was payable at once with eight per cent interest from date; that the same is now due and payable and is unpaid. The suit was instituted in the name of the city of Laclede to the use of John Abell.

The answer, after admitting the corporate *status* of the city of Laclede, is a general denial. As further answer it is alleged that the city of Laclede has no interest whatever in the tax bill sued on and is not a necessary party to the suit; that there is, therefore, a misjoinder of parties plaintiff; that there is also a misjoinder of parties defendant in this, that the petition alleges defendant is the sole owner of the property sought to be charged with said tax bill, when in truth and in fact, defendant is not the sole owner thereof, but that the record title is in defendant Oscar F. Libby and Rebecca J. Libby, husband and wife, as an estate in the entirety; denies that the mayor and board of aldermen had any authority to enact ordinance No. 201 referred to in the petition, and also denies that any of the subsequent ordinances, contracts, resolutions and assessments made or attempted to be made were in accordance with any lawful authority, and that

the same are binding as a valid law of the city to organize oiling district No. 2, or to sprinkle oil on the street in front of the lots described in said petition and issue a special tax bill for the oiling of said street in front of defendant's property. Further, defendant denies that any estimate was made of the amount of oil to be used and the cost of oiling said street, as provided by law and reported to the board of aldermen, or that any contract was ever made with any person to oil said street, as required by law.

The answer further states that it is not true, as stated in the petition, that lots 3 and 4, block 2, Bell's Addition to the town of Laclede, from Olive street on, are within oiling district No. 2, as alleged; that Olive street is one of the streets in the original town of Laclede, but not one of the streets in Bell's Addition to the town of Laclede where defendant's property is located. And defendant further says that the sprinkling of oil upon the street in front of said lots is not an improvement or betterment to the adjacent property of a permanent character for which a tax bill might be lawfully issued, and that all the ordinances relied upon by plaintiff in its petition are oppressive, against common right, and an attempt to take defendant's property and subject it to unreasonable burden without due process of law, as defined by the Constitution of the United States and of the State of Missouri; denies that any tax bill was ever made out, or presented to defendant for payment prior to the commencement of this suit.

The reply of plaintiff was a general denial.

A jury was waived and the cause was tried to the court. The issues were found for plaintiff and judgment was rendered against defendant in the sum of $5.57, with interest at eight per cent per annum from December 1, 1921, and the tax bill sued on was made a lien against the property described in the petition and for costs. Motions for a new trial and in arrest were unavailing and an appeal to the Supreme Court was allowed. That tribunal decided it was without jurisdiction and the cause accordingly was transferred to this court for consideration.

The tax bill sued on is as follows:

"Special Tax Bill.

"City of Laclede, Linn County, Missouri.

"No. 14                                          Oiling.

"It is hereby certified, that the following described real estate, situated in the City of Laclede, Linn County, Missouri, and owned by O. F. Libby, to-wit: Lots 3 and 4 in Block 2, Bell's Addition to Laclede has been charged with the sum of Five and 57/100 dollars as a special tax to pay for oiling the roadway 100 feet on west side of Olive Street from ——— to ——— as authorized by ordinance No. 201 approved May 3, 1921; that the amount above stated has been

levied and assessed against said real estate by ordinance No. 205, approved August 10, 1921.

"It is further certified that the above-described real estate abuts on said street and on the part of same so improved; that the said oiling was done and the material therefor furnished by John Abell, contractor, to whom this special tax bill is issued and made payable, in accordance with the contract entered into by said contractor and the city of Laclede in the manner provided by law; that the total cost of said improvements was apportioned among the several lots, tracts and parcels of land abutting upon said street, and upon the part thereof, so improved, in proportion to the front foot thereof, and that the amount so charged against said real estate is its lawful share of the cost of said improvements.

"This special tax bill shall bear interest at the rate of 8 per cent per annum from date and is a lien against the said real estate, which lien shall continue for a period of five years after the date hereof unless sooner paid.

"Issued in accordance with the provisions of said last-mentioned Ordinance, this 1st day of December, 1921.

"GEO. O. PLOWMAN, Mayor.

"Attest: A. J. Cawood, Clerk."

The first point urged in support of the appeal is that the petition, on its face, shows that the tax bill was issued for sprinkling oil on Olive street and that the proof shows that defendant's property is not on Olive street; and that sprinkling oil on the street is not a permanent improvement and will not enhance the value of defendant's property; that a special tax bill can only be enforced for a permanent improvement, and therefore the petition fails to state a cause of action.

The oiling of the street in controversy was done under the provisions of section 8501, Revised Statutes 1919. This section places authority in the board of aldermen of cities of the fourth class, by ordinance, to cause the streets, avenues, alleys and public places of the city or any part thereof, to be sprinkled, oiled, repaired, surfaced and resurfaced, and the cost thereof to be met by a special tax bill to be assessed in favor of the city on the property adjoining the street so oiled, etc., in proportion to its linear feet, so abutting, compared to the total number of feet chargeable with the said expense in the territory embraced in the contract; that the work shall be done by the city, an accurate account of the cost thereof to be kept by the city, or shall be contracted for annually by the board of aldermen at such time and under such terms as shall be provided by the ordinance; that the special tax bills spoken of shall become a lien on the property charged therewith, under the ordinance providing therefor, and shall be prima-facie evidence of liability of the property charged therewith to the extent and amount therein specified, "and may be col-

lected of and from the owner of the land in the name of and by the city as any other claim,'' etc.

The petition pleads and the ordinance tends to show that the city, by ordinance, following the requirements of the said statute, divided the city into districts and by contract proceeded to oil the street upon which lots 3 and 4 in block 2, Bell's Addition to the city of Laclede, abut, and issued the special tax bill against said lots in their proportionate share. It is urged that the board of aldermen is without power to issue special tax bills for any other than permanent improvements; that oiling the streets is not a permanent improvement and, therefore, the tax bill sued on is void.

Defendant's position in this respect is not tenable. Section 8501, Revised Statutes 1919, specifically empowers the board of aldermen to oil the streets and as the oiling of the streets in the instant case was done under the provisions of said section, further comment would seem to be unnecessary, since the statute makes no requirement that the property taxed for the improvement shall be permanently enhanced in value. This ruling covers defendant's points 1 and 2, adversely to his position.

It is also urged that the tax bill is void because the notice provides for the oiling of Olive street in said city and that, as a matter of fact, the property sought to be charged with the tax bill in question abuts on Main street, and not on Olive street. However, as we glean from the record that Olive street in Bell's Addition is identical with Main street at present, and as the notice of record shows that the property was described as Lots 3 and 4, Block 2, Bell's Addition, in district No. 2, as designated by the ordinance, it is clear the notice was in compliance with the statute. There was no error in this respect.

Defendant urges that no notice was given him of the assessment against the property in question. Under the statute no such notice is required. The record discloses that the notice complained of describes the property by number and block, and it must be held sufficient to charge the lots with their proportionate share of the expense.

Defendant insists there is a fatal misjoinder of parties plaintiff in that the suit is brought in the name of the city to the use of John Abell. The language of the statute (sec. 8501) determines this point against defendant, as follows: '' . . . and may be collected of and from the owner of the land in the name of and by the city. . .''

Finally, it is urged that there is a fatal defect in the parties defendant. The petition alleges the ownership of the lots in O. F. Libby, while the evidence shows that the lots sought to be charged with the special tax bill are of record in the name of Oscar F. Libby (defendant herein) and Rebecca J. Libby, husband and wife; thus establishing an estate by the entirety. It is the law that holders of an estate by the entirety do not hold separate title which can be sold by either, or

seized on execution for the debts of one of them. There is no separate estate in the land. [Brewing Co. v. Saxy, 273 Mo. 159.] As only one of the owners by the entirety of the lots in question is made party defendant and the petition seeks to impress the said lots with a lien, it is clear that both of the record owners of the property should have been made parties to the proceeding. [Excelsior Springs v. Henry, 99 Mo. App. 450.] This point was pleaded in the answer and saved in the motion for a new trial. Under the law we must hold that the trial court erred in overruling defendant's motion for a new trial. The judgment is accordingly reversed and the cause remanded. *Bland, J.,* concurs; *Trimble, P. J.,* absent.