## ALLEN et al. v. STATE MORTGAGE CORPORATION. (No. 8064.)

Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1928.

On Rehearing, Dec. 12, 1928.

E. P. Lipscomb and Henry King, Jr., both of San Antonio, for appellants.

T. H. Ridgeway and N. W. Palmer, both of San Antonio, for appellee.

COBBS, J. State Mortgage Corporation, appellee, filed this suit against Frank Allen and E. P. Lipscomb, appellants, to perfect title to land based upon a tax sale. Frank Allen held the record title, and the property was sold in bulk on January 15, 1924, and purchased by Clay Tallman, for $77.60. The property was again sold for taxes on January 5, 1926, and purchased by E. P. Lipscomb, the other appellant. The appellee holds quitclaim title by means of conveyances under and from Clay Tallman. It will be seen that Clay Tallman, having parted with his title by a quitclaim deed, was not a necessary party to this suit.

There seems to be no controversy by and between the appellants. The sole and real question for us to determine is as to the privity and validity of the tax title acquired by E. P. Lipscomb.

Relegating all question of gross tax sales, or sales in bulk or otherwise, as unimportant in this case (Allen v. Courtney, 24 Tex. Civ. App. 86, 58 S. W. 200), we come to the real question in this case. The land was sold in June, 1923, for taxes, to Clay Tallman, for the sum of $77.60. The same property was again sold for delinquent taxes on January 5, 1926, and purchased by E. P. Lipscomb. A subsequent sale of land for taxes will prevail over a prior tax title, and will prevail over a similar deed for the tax of a previous year. 37 Cyc. "Taxation," 1477; Ruling Case Law, § 361; Morrison v. O'Hanlon (Tex. Civ. App.) 202 S. W. 97; Anderson v. Rider, 46 Cal. 135; Keen v. Sheehan, 154 Mass. 208, 28 N. E. 150; Emmons County v. Bennett, 9 N. D. 131, 81 N. W. 22; Henrylyn Irrigation Dist. v. Patterson, 65 Colo. 385, 176 P. 493; Jarvis v. Peck, 19 Wis. 74; City of Excelsior Springs v. Henry, 99 Mo. App. 450, 73 S. W. 944.

We overrule appellee's assignments of error and propositions. We hold that appellants' title is superior to that of appellee, and, so holding, the judgment of the trial court is reversed, and judgment is here rendered for appellants.

On Motion for Rehearing.

It is insistently urged that we committed error in not sustaining the contention that all the parties were not before the court

at the time of the rendition of this judgment, as required by article 7328, R. S.

Article 7326, R. S., provides, in cases of delinquent taxes, suits for the recovery of the taxes are required to be brought by the county attorney. It also provides that, "if * * * any tax due on any land owned by the defendant is omitted from such suit, such omission shall not be any defense against the collection of the tax due and sued for."

However, article 7328 provides: "The proper persons, including all record lien holders, shall be made parties defendant in such suit, and shall be served with process and other proceedings had therein as provided by law in ordinary foreclosure suits in the district courts of this state."

They would not be affected, neither would the city, by leaving them out, if for no other reason than the plain language of said article 7326, because said omission would not be any defense from the collection of the taxes. But for the plain language of the statute, article 7328, making that specific requirement, we would not be' inclined to adhere to that demand, since the right to recover the taxes is in nowise affected thereby.

For the foregoing reasons, we withdraw our holding, and reverse the judgment of the trial court, and remand the cause for another trial, hereby granting the motion for rehearing.