## SAYLES VS. DAVIS.

TAX DEEDS : (1.) *Revenue stamps.*—(2.) *Junior sale.*—(3.) *Pleadings by original owner, to invalidate tax deed.* PRACTICE : (1.) *Leave to answer, after time expired.*—(2.) *When time for answering begins to run.*—(3.) *Notice to defendant of plaintiff's application for the relief sought.*

1. Congress cannot, without the consent of the state, impose a stamp duty upon tax deeds executed under the laws of the state.

2. Before chap. 159, laws of 1863, therefore, a stamp was not required upon a tax deed in this state.

3. A valid sale and conveyance under a junior assessment cuts off all former titles and lien, including all prior tax titles.

4. The words "subject, however, to all unpaid taxes and charges," in sec. 25, chap. 22, laws of 1859, refer only to the taxes and charges which may have accrued subsequently to the sale on which the deed is issued.

5. In an action under said chap. 22, averments in the answer that the treasurer was negligent "in not properly giving notice of the proposed sale," etc., and that the clerk failed "to advertise as required by law, the time when the period allowed by law to redeem * * would expire," are fatally defective, because they do not properly specify the particular objections relied on.

6. An averment in such answer, that the treasurer omitted "to give notice * * of *all* the lands * * upon which taxes were delinquent," etc., tenders an immaterial issue. It is enough that the proper notice was published as to the land in dispute.

7. To authorize the letting in of a party to defend after the time for answering has expired, under sec. 38, chap. 125, R. S., the proposed answer must show a valid and meritorious defense.

8. The time for answering begins to run upon due personal service of the summons and complaint, though neither has been filed.

9. Where notice of a retainer is served after time to answer expired, defendant is not entitled to notice of the time and place of application to the court for the relief demanded.

APPEAL from the Circuit Court for *Rock* County.

Action by the holder of a tax deed of land, to bar the original owner, under secs. 35 et seq., chap. 22, Laws of 1859. The deed was executed April 11, 1863, upon a sale made in 1860 for the taxes of 1859. A judgment for plaintiff having been reversed by this court (20 Wis., 302), on the ground that the record did not show proof of service of summons duly made, the plaintiff, after the cause was remitted, filed due proof of service, and took judgment without notice to the defendant. Defendant then obtained an order on plaintiff to show cause why the judgment should not be vacated, and leave given to answer. It appeared from the papers used at the hearing, that the summons and complaint were duly served on defendant personally, May 3d, 1864; that judgment was entered September 16, 1864, defendant not having answered or appeared; and that on the 18th of December, 1865, plaintiff was notified of the retainer of counsel by defendant for the purpose of prosecuting an appeal from the judgment.—The proposed answer alleges that plaintiff's tax deed was defective when made and recorded, for want of a revenue stamp; and that before any stamp was affixed, defendant had deposited with the proper officer the sum necessary to redeem the land; that in November, 1863, a deed of the premises had been executed to defendant by the county treasurer, upon a sale for the taxes of 1858; and that the tax sale under which plaintiff claims was wholly void, " for the reason that the requirements of law, in the assessing and collecting of the taxes of the year 1859, were disregarded in many essential particulars, and especially by reason of the neglect of the county treasurer in not properly giving notices of the proposed sale of said land for delinquent tax, and in omitting to give notice in one public newspaper of all the lands in Rock county upon which taxes were delinquent for the year 1859; and also by

reason of the neglect of said clerk in failing to advertise, as required by law, the time when the period allowed by law to redeem from the tax sales for the delinquent taxes of 1859 would expire; and the said proceedings in the attempted collection of said taxes for 1859, and in the execution of the said instrument to said. *Sayles*, were in other respects informal and insufficient to support the title in said lands claimed by said *Sayles*," etc. The motion papers included an affidavit of merits.

The order to show cause was discharged, with costs; and from this decision the defendant appealed.

*H. K. Whiton*, for appellant, argued that at the time of the first *remittitur*, the defendant had appeared generally. 3 Chand., 315–16; 4 Wis., 275; 11 id., 83, 401; 14 id., 115, 225; 16 id., 220; 17 id., 52, 265; 18 id., 162; 19 id., 232; 9 How. Pr. R., 445; 11 id., 138, 481; 15 id., 92; 3 Caines, 133; 1 Wend., 1; 2 Duer, 648; 8 Blackf., 567. 2. At the time of such appearance, the time for answering had not commenced to run, because no jurisdiction was gained of defendant, the record showing that there was no proof of due service of the summons. Again, when the judgment was reversed and the case remitted, defendant still held a standing in court, which made it necessary that he should be served with notice of the application for relief. *Abbott v. Smith*, 8 How. Pr., 463; *Carpenter v. N. Y. & N. H. R. R. Co.*, 11 id., 481; 1 Van Santv. Eq., 428–9. 3. The motion papers disclosed good grounds for relieving the defendant from the judgment, under sec. 38, chap. 125, R. S. 4. Counsel further contended, among other things, that the answer showed a paramount title in defendant under his tax deed. Sec. 5, chap. 22, Laws of 1859, provides that the title vested by a tax deed shall be "subject to all unpaid taxes and charges which are a lien" upon the land. The sale on which defendant's deed was executed, was a valid tax lien

on the land down to the time of the execution of plaintiff's deed; and it is difficult to see how the statute can have effect, if the execution of the latter deed extinguished all right to enforce that lien.

*A. A. Jackson*, for respondent, argued, among other things, that defendant's appearance in December, 1865, was not general, but for a special purpose (*Lowe v. Stringham*, 14 Wis., 222; *U. M. T. Co. v. Whittaker*, 16 id., 220; *Cron v. Krones*, 17 id., 401), and if it had been general, would have been a waiver of the objection relied on to reverse the judgment. 2. Even if general it did not entitle defendant to notice, being too late. Sec. 27, chap. 32, R. S.; 2 Till. & Sh. Pr., 257.—Counsel also argued that the proposed answer showed no defense.

DIXON, C. J. Conceding that the notice of retainer for the purpose of prosecuting the appeal, was a general appearance in the case, still the defendant was not entitled to eight days' notice of the time and place of application to the court for the relief demanded by the complaint. The statute requires such notice only where the defendant has given notice of an appearance in the action *before the expiration of the time for answering.* R. S. chap. 132, sec. 27, subd. 2. The defendant gave no notice until long after that time had expired. The position that the time for answering had not expired, or did not begin to run, until proof of due service of the summons and complaint was made and filed in the action, seems wholly untenable. The defendant was personally served with a copy of the summons and complaint within this state as required by law; and from the time of such service the court had jurisdiction in fact, though the evidence of such jurisdiction did not appear of record in the case. The defendant being personally served, and having actual legal notice of the commencement of the suit, his

time for answering began to run from that date, and he can gain no advantage in this respect from the failure of the plaintiff to make and file the requisite proof in the action. That is a defect which may be supplied at any time without notice to the defendant.

The answer states no defense to the action.

As to the omission to affix an internal revenue stamp to the tax deed under which the plaintiff claims, we think such stamp was unnecessary. The deed was executed before the passage and publication of the act of our state legislature— Laws of 1863, chap. 159. We are of opinion that Congress possesses no constitutional power, without the assent of the states, to tax the means or instruments devised by the states for the purpose of collecting their own revenues; and for our reasons in the support of this conclusion, we refer to the opinion of this court in the case of *Jones v. The Estate of Keep*, 19 Wis., 369. If the writs and judicial proceedings in the courts of the state cannot be taxed by Congress, it requires no argument to show that the proceedings of the state to collect its own revenue cannot be so taxed. " The power to tax involves the power to destroy; and the power to destroy may defeat and render useless the power to create." The functions of government exercised in the levying and collection of its taxes are more vitally important to its existence and independence than any other. Without the free and unobstructed exercise of such power no state can exist, and all sovereignty and independence are at an end. We cannot but regard this as an obvious departure from the spirit and requirements of our federal constitution, and contrary to the intention of the convention which framed, and of the states which ratified it.

The tax deed of the defendant, executed upon a sale made prior to that to the plaintiff, conveys no title as against the plaintiff. A valid sale and conveyance under a junior assess-

ment cuts off all former titles or liens. *Jarvis v. Peck* 19 Wis., 74. The words " subject, however, to all unpaid taxes and charges," in sec. 25, chap. 22, Laws of 1859, have reference only to such unpaid taxes and charges as may have accrued subsequently to the sale on which the deed is issued.

The other grounds of irregularity relied upon to impeach the deed to the plaintiff are not specifically stated in the answer, as required by law. Laws of 1859, chap. 22, sec. 38 ; *Wakeley v. Nicholas*, 16 Wis., 588. The " many essential particulars " in which " the requirements of law in the assessing, levying and collecting of the taxes of the year 1859, were disregarded," are not pointed out at all by the answer ; nor is it stated how or in what manner the county treasurer was negligent " in not properly giving notice of the proposed sale of the said land for delinquent tax." The averment of the treasurer's neglect " in omitting to give notice in one public newspaper of all the lands in Rock county upon which taxes were delinquent for the year 1859," is a *negative pregnant*, and tenders an immaterial issue. It is not material to the validity of the plaintiff's deed, whether *all* the lands in Rock county were advertised or not. It is enough that the proper notice was published as to the lands which were conveyed to him. And the averment that the deed is void by reason of the neglect of the clerk " in failing to advertise, as required by law, the time when the period allowed by law to redeem from the tax sales for the delinquent taxes of 1859, would expire," is equally faulty. The question is, in what particular or particulars did the clerk fail " to advertise as required by law ; " and this must be answered by the pleading, and the specific objections pointed out.

As the answer shows no defense to the action of the plaintiff, it follows that the circuit court was right in rejecting the defendant's application to be let in under section 38, chap.

125, R. S.   To authorize the granting of relief under that section, upon answer, a valid and meritorious defense must be shown.

*By the Court.*—Order affirmed.