### STATE ex rel. WALDO v. FYLPAA, County Treasurer.

1. The sale of lands for delinquent taxes under the provisions of the statute constitutes a contract between the purchaser and the state.
2. The terms of such contract are found in the law in force at the time, and under which the sale was made.
3. A law materially extending the time for redemption cannot legally apply to sales made prior to the passage of such law.

(Syllabus by the Court. Opinion filed March 2, 1893.)

Appeal from circuit court, Brown county.    Hon. A. W. CAMP-BELL, Judge.

*Mandamus* by the state, on the relation of C. L. Waldo against John A. Fylpaa, county treasurer of the county of Brown, to compel defendant to execute a tax deed to relator. There was judgment granting the *mandamus*, and defendant appeals.    Affirmed.

*S. H. Cranmer*, for appellant.

A tax certificate is simply a remedy for the enforcement of a contract, and is subject to all reasonable control by the legislature.    Gault's App. 33 Pa. St. 94.

*T. H. Null* and *Crofoot & Stevens*, for respondent.

A tax certificate is a contract, and its terms cannot be altered by the legislature after it is issued.   Knox v. Hundbransen, 23 Wis. 508.

KELLAM, J.   Relator applied to the court below for a *mandamus* to compel defendant, as county treasurer of Brown county, to make and execute a tax deed to a piece of land definitely described, which was in November, 1889, duly sold to the relator for delinquent taxes.   The court below granted the *mandamus*, and the county treasurer appeals.   No question is made as to the regularity of the proceedings resulting in the sale, but the defendant, the county treasurer, declines to issue the deed, for the reason that relator has not complied with the conditions of chapter 151 of the laws of 1890, passed, it will be observed, subsequently to the sale; so that the only question in this case is, can said chapter 151, so far as it may give additional time for redemption, or so far as it imposes new and increased burdens upon the purchaser at the tax sale, be legally applied to and control the rights of purchasers under sales made prior to the passage of said act?   By the law in force when the sale was made to the relator, he was entitled at any time after the expiration of two years, upon production of the certificate of purchase, to demand and receive from the county treasurer a deed of the land remaining unredeemed.   Section 1638, Comp. Laws.   But said chapter 151 requires such purchaser, before he may receive a deed, and after the expiration of said two years, to cause a notice to be served upon the person in possession of the land so sold and unredeemed, and also the person in whose name the same is taxed, (if he reside in the county where the property is situated,) in the manner and containing the information prescribed by said act, and then, if said land remain unredeemed at the end of 60 days from the completed service of said notice, the treasurer shall issue a deed therefor to such purchaser.   The relator contends that this chapter 151 is inoperative and void as to sales already made at the time of its passage, for the reason that it violates the contract of the sale.   We think he is correct.   His rights grow out of and must be determined by his contract.   It was a contract of bargain and sale between the state and himself.   The land was

offered for sale under the terms and conditions of the then existing law, one of which was that, if unredeemed at end of two years, he should have a deed therefor. Upon these terms he bid, and his bid was accepted. In State v. Foley, 30 Minn. 353, 15 N. W. Rep. 375, it was said: "The purchase at the tax sale had the effect of a contract between the state and the purchaser, the terms of which are to be found in the law in force when the sale took place." The sale of land for delinquent taxes is authorized by the state, and the terms upon which the owner may redeem from such sale are prescribed. The purchaser buys with reference to such terms, and his rights, as well as those of the defaulting owner, ought to be determined by the law in force when the contract of sale is made. In his Constitutional Limitations, (marginal page 291,) Judge Cooley says: "So a law is void which extends the time for redemption of lands sold on execution, or for delinquent taxes, after the sales have been made; for in such a case the contract with the purchaser, and for which he has paid his money, is that he shall have title at the time then provided by the law; and to extend the time for redemption is to alter the substance of the contract, as much as would be the extension of the time for payment of a promissory note." The same thought is expressed by Desty in his work on Taxation, (page 138,) as follows: "So a subsequent legislature cannot extend the time for the redemption of lands sold for taxes." This doctrine is fully sustained in State v. McDonald, 26 Minn. 145, 1 N. W. Rep. 832; Dikeman v. Dikeman, 11 Paige, 484; Forqueran v. Donnally, 7 W. Va. 114; Merrill v. Dearing, 32 Minn. 479, 21 N. W. Rep. 721; Hull v. State, (Fla.) 11 South. Rep. 97; Robinson v. Howe, 13 Wis. 341. Respondent calls our attention to Gault's Appeal, 33 Pa. St. 94. Judge Cooley refers to it as the one case which holds that the time for redemption may be extended by the legislature after the sale. He says of it: "Other cases have held the contrary, and, as we believe, on reasons that are conclusive." Cooley, Tax'n, (2d Ed.) p. 545. Of the same case the supreme court of Florida, in Hull v. State, *supra*, says: "The reasoning of this decision is not satisfactory to our minds." It cannot be overlooked, however, that in this case (Gault's Appeal) the decision of the court seems to have been greatly influenced

by the peculiarity of their statutory proceeding under which the sale was made. It was made by the sheriff under the judgment of the court. "The lot was stricken down to James Raimond by the sheriff on the 3d of March, 1856, but the sheriff's deed was not made nor acknowledged until the 18th of April, 1857. Meanwhile, to wit, on the 13th of May, 1856, the act in question was passed." The court held that, until the deed was made, the sale was still pending, under control of the court, and liable to be set aside. It was not a completed sale, and therefore no contract rights of the parties attached. Having so construed the effect of the proceeding under their statute, it was easy to reach the conclusion that the law passed intermediate the striking off of the lot, and the completion of the sale by deed did not disturb any vested rights. We have no such judicial feature in our system, and on that account we think the case is distinguishable from the one before us.

The law of 1890, for noncompliance with which appellant justifies his refusal to make a deed to relator, necessarily adds more than 60 days to the time allowed for redemption by the law in force when the sale was made; for it requires that, after the expiration of two years, (the time of redemption named in the first law) the holder of the certificate of purchase shall cause to be served the notice already referred to, and not until 60 days after the completed service is the treasurer authorized to make such deed. It materially lengthens the term of redemption, and imposes new burdens upon the purchaser. It thus, without the consent of the parties, undertakes to import new terms into pre-existing contracts, and to impose burdens upon one of the parties which he never undertook. In State v. McDonald, *supra*, it was held that the legislature could not, by any act subsequent to the sale, impair to any extent the right acquired by the purchaser to a deed of the land, subject to the redemption provisions of the law under which the sale was made. Our conclusion is that the rights acquired by relator under his contract with the state cannot be controlled by said chapter 151, Laws 1890, and that, so far as said act attempts to do it, it is void. The court below so held, and its judgment is affirmed. All the judges concur.