UNITED STATES v. AMBROSINI.

(District Court, N. D. Illinois. October 27, 1899.)

INTERNAL REVENUE—STAMP DUTIES—SALOON BONDS.

A bond executed to a state or municipality under the provisions of a statute or ordinance as a condition precedent to the issuance of a saloon license is for the individual benefit of the applicant, and not an instrumentality for the exercise of the functions of state or municipal government, and must be stamped, under the war revenue act of 1898.

On Demurrer to Indictment.

S. H. Bethea, for the United States.
Levy Mayer, for defendant.

SEAMAN, District Judge. The indictment charges the defendant on two counts for executing and issuing two bonds, respectively, without the revenue stamp required by the act of June 13, 1898; one being a bond to the people of the state of Illinois, as demanded by statute, for obtaining a license to keep a dramshop, and the other a bond to the city of Chicago, as required by ordinance of the city for like purpose. The contention on behalf of the defendant is twofold: (1) That the bonds in question are exempt under the terms of this act of congress; and, (2) if included within the terms of this act of congress, the provision is unconstitutional in respect of such bonds as instrumentalities of the state and municipal government. I am of opinion that neither of these propositions is tenable.

1. For the first contention, section 17 of the act is cited, but the exemption there provided relates exclusively to bonds and other instruments issued by the governmental authorities, and, with the utmost liberality of construction, are not applicable to bonds executed by individuals to the state or municipality for a license or other individual benefit.

2. If the bonds can be regarded as necessary means or "instrumentalities for the exercise of the functions of state or municipal government," as counsel insists, the second proposition is not without force. State v. Garton, 32 Ind. 1; Jones v. Keep's Estate, 19 Wis. 369; Sayles v. Davis, 22 Wis. 225; Fifield v. Close, 15 Mich. 505. But the business of saloon keeping is neither a governmental function nor essential to its administration, although good government may demand that the business be permitted only under regulations secured by bonds on the part of the applicant. The bond so exacted is a mere incident of the regulation. It is in no sense the act or obligation of the public or of a representative of the public, but is the applicant's individual undertaking to obtain a personal privilege, and as such is certainly not an immune in respect of stamp duties required of other citizens executing personal bonds or obligations. Neither the state nor its administration is affected directly or indirectly by the tax so imposed, as the bond must be executed and stamped when tendered; and, if in any view an instrumentality of the state, it becomes such only when fully executed. The motion to quash the indictment is overruled, and an order will so enter.