E. M. PATTON v. THE COUNTY OF CASS AND ARTHUR G. LEWIS, AS AUDITOR OF CASS COUNTY.

Opinion filed September 3, 1904.

**Taxation — Lands Sold to State Not Taxable After Three Years from Sale.**

1. Lands bid in for the state at a tax sale under chapter 132, p. 376, Laws 1890, and not redeemed or assigned within three years from such sale, become forfeited lands, and are not thereafter subject to sale for taxes while they remain forfeited lands.

**Tax Deed from County Auditor — Validity.**

2. Lands bid in for the state under the revenue law of 1890 (Laws 1890, p. 376, c. 132), and becoming forfeited lands in 1893, cannot be lawfully sold for taxes attempted to be levied thereon for 1896 after becoming delinquent in 1897. If offered for sale in 1897 on such tax, and bid in for the state, and the county auditor, without direction from the state auditor, assigns the certificate to one who pays the amount for which sold, and subsequent taxes, and thereafter procures a deed from the auditor, such deed is not authorized and conveys no title.

**Authority of County Auditor.**

3. A county auditor has no authority except such as is expressly or impliedly conferred upon him by statute.

Appeal from District Court, Cass county; *Pollock,* J.

Action by E. M. Patton against Cass county and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Morrill & Engerud,* for appellant.
*Emerson H. Smith,* for respondents.

MORGAN, J. This is an action to quiet title to a tract of land in the city of Fargo, and involves conflicting interests to said tract, derived under tax proceedings under which plaintiff and defendant each claim the absolute title and ownership of the tract. The facts, as gathered from the findings of the trial court, which are not in dispute, are as follows: On the 16th day of December, 1897, the land in question was offered for sale by the auditor of Cass county for the delinquent taxes thereon for the year 1896, and, there being no other bidders therefor, the tract was struck off and sold to the county of Cass. On the 22d day of October, 1900, one Bolley made application to the auditor of Cass county for an assignment of the

county's interest in said land, and the auditor assigned all the county's interest therein to said Bolley upon payment to the county of the sum of $44.06; being the amount due the county under the sale, with interest and penalties, together with taxes levied thereon as taxes subsequent to the sale for the years 1897 and 1898. On the 29th day of May, 1901, the auditor of said county delivered to said Bolley a deed of said land in the form prescribed by law; the time for a redemption from the sale of 1897 having expired, and notice that the time for such redemption had expired having been given. The plaintiff derives his title to said land by virtue of a conveyance thereof to him from said Bolley on the 5th day of February, 1903. The foregoing facts show the steps under which the plaintiff claims the title and ownership of said land. The county disputes the plaintiff's ownership of said land and bases its contention on the following proceedings: In 1890 the taxes on said tract were unpaid and delinquent, and it was duly offered for sale for such delinquent taxes of the year 1889, and was bid in and struck off to the state by the county auditor, there being no other bidders for the tract at such sale. No sales of this tract were made between the years 1891 and 1896, inclusive, and the taxes thereon were marked on the county records as taxes subsequent to sale of 1890, during the years 1890 to 1897, inclusive, except the years 1895 and 1896. Upon the facts stated, the district court dismissed plaintiff's action upon the ground that the county auditor had no authority to place the land on the assessment roll in 1896, and that all proceedings relating to the assessment, sale, assignment and conveyance of the same were void.

The sole question at issue is the status of said tract of land, under the revenue law of 1890 (Laws 1890, p. 376, c. 132), after it had been bid in for the state, and the authority of the county auditor over it under that law. This question has not hitherto been decided by this court, unless the case of Emmons County v. Bennett, 9 N. D. 131, 81 N. W. 22, is in point. Plaintiff contends that the facts and the statutes under which that case was decided are the same as in the case at bar. Defendant contends that the Compiled Laws of 1887 and the Laws of 1890 are not the same in reference to lands bid in for the state. A reference to the Compiled Laws, as quoted and construed in Emmons County v. Bennett, supra, shows that, when lands were bid in by the county treasurer for the county in the absence of other bidders, the county secured no rights except

such as were secured by any other purchaser. The interests of the county under the certificate of sale were no greater or different than in case of sales to others, and sales made to another subsequent to the sale to the county, followed by a deed under such subsequent sale, defeated the rights of the county derived through its certificate of sale. In other words, the Compiled Laws did not extinguish between the rights of the county and the rights of others bidding in lands at tax sales. In the case cited the principle "that the interest which a purchaser of lands at a tax sale acquires is, in the absence of a statute to the contrary, freed from liability for delinquent taxes of previous years, and that a tax deed regularly issued cuts off all interests acquired by purchasers at tax sales for taxes prior to that upon which the tax deed is based," was laid down as applicable against counties as well as against all purchasers. There is nothing in the Compiled Laws of 1887 to indicate that counties were placed on a different basis than purchasers generally under that law. A comparison of the law of 1890, under which the county bid in this land in 1890, with the Compiled Laws, shows that the two enactments are radically different. Section 70, c. 132, p. 403, Laws 1890, authorizes the county auditor to bid in land for the state at tax sales if there are no other bidders. Section 77 authorizes an assignment of the state's interest acquired by virtue of bidding in lands at tax sales to any person, upon payment of the amount for which said land was bid in for, and the amount of all subsequent delinquent taxes, penalties, costs and interest, if such assignment is applied for before the land becomes forfeited to the state, and while unredeemed from the sale. Section 86 provides that persons having an interest in the land, or the owner thereof, may redeem at any time after forfeiture and before sale thereof, by paying the amounts due against the land, and that all real property bid in by the state "and not redeemed or assigned within three years from the date of sale shall become the absolute property of the state and may be disposed of by the county auditor at public or private sale, as the state auditor may direct, subject to such rules and restrictions as he may prescribe. All tracts or lots becoming so forfeited to the state, shall be stricken from the tax lists and shall not be assessed or taxed until sold to an actual purchaser." There was not any sale of this tract to an actual purchaser, within the meaning of said section 86, supra, before the sale of 1897. It was not, therefore, properly on the sale list of 1897. The state auditor had made no direction that this tract

should be sold for the 1896 tax, nor had he given any directions that the county auditor should assign the certificate of sale to any person upon payment of the amount due for taxes on said lot for the years 1896 to 1898, inclusive, with costs of sale, penalty and interest. Under said section the authority of the county auditor over the tract in question was taken away from him entirely. He had no authority to put it on the sale list, nor sell it, without directions from the state auditor. After forfeiture to the state—that is, after the redemption period has expired—the statute directs that forfeited lands and other lands sold for taxes shall be disposed of differently, so far as taxation proceedings are concerned. In case of forfeited lands, there is to be no sale thereof; and, in case of other lands sold for taxes, a sale follows each year if the taxes are not paid.

The rights of the parties must be measured by the law of 1890. The sale in 1897 was therefore without legal sanction or statutory authority. The assignment to Bolley of the certificate of sale by the county auditor was not authorized by law, as the auditor alone had no power to dispose of forfeited lands under any circumstances. Chapter 126, p. 256, Laws 1897, did not affect sales already made under previous laws, and pertained to revenue and taxation prospectively only. The law under which Emmons County v. Bennett, supra, was decided, did not have the provision in it that is found in section 86, chapter 132, p. 408, of the 1890 revenue law, which says that lands bid in for the state shall not be taxed after forfeiture. The provisions of section 86, supra, are sufficient alone for holding that the two laws are not substantially alike in respect to lands bid in for the state or county. Under section 86, lands bid in for the state are made a class by themselves after forfeiture, and are expressly made nontaxable, and no sale is provided for under the 1890 law for taxes levied on lands bid in for the state. A comparison of the revenue law of 1887 with the 1890 revenue law clearly shows that the procedure in taxation matters relating to forfeited lands is entirely and substantially different. These provisions are so different that the Emmons County case is not applicable under the 1890 law or under the 1897 law. Under both of these revenue laws the auditor has no authority to sell forfeited lands, or lands bid in for the state, of his own motion. His authority under these laws as to sales of such lands was subject to the directions of the state auditor under the 1890 law, and of the county commissioners under the 1897 law.

It is also claimed that State v. Camp (Minn.) 82 N. W. 645, is decisive of this case, and against the county. That case was also decided under statutory provisions unlike our own. In other words, the provisions of section 86, chapter 132, p. 408, Laws 1890, that lands bid in for the state shall be stricken from the tax lists and shall not be assessed or taxed after forfeiture, are not found in the revenue law of Minnesota, under which State v. Camp was decided.

These cases not being in point, and none others being cited, we see no way by which to sustain the plaintiff's tax deed. It was not based upon any law authorizing the sale under which the deed was issued. The assignment and deed were both beyond the authority of the auditor to execute. The plaintiff's grantor acquired no valid title under such proceedings, and had none to convey to plaintiff. The provisions of the 1890 law determine his rights, and show the absolute invalidity of his deed. His contract, therefore, fails, because there was no law authorizing the auditor to dispose of the state's interest in the tract in question, and he is held to have known that the auditor was acting without authority.

It is claimed that the plaintiff's deed is valid because executed by the auditor, who acted within the scope of his authority, but acted erroneously, and that his acts are binding upon the county. We fail to see that the auditor was acting within the scope of his authority. He possessed no authority to act in reference to forfeited lands at all, on his own motion. His duties are defined by statute. Without statutory authority, express or implied, he cannot act and bind the county. The auditor is not the agent of the county, having, as such, any authority not delegated to him by the statute. As said in Day Company v. State, 68 Tex. 526, 4 S. W. 865. "The powers of all officers are defined and conferred by law, and of these all persons who deal with them must take notice. Acts done in excess of the powers conferred are not official acts." See, also, State v. Brewer, 64 Ala. 287; Pulaski v. State, 42 Ark. 118.

The plaintiff having no valid deed, nor any right to one, it follows that the judgment must be affirmed.

YOUNG, C. J., concurs. ENGERUD, J., having been of counsel, took no part in the above decision.