PERRY, Respondent, v. STATE DEPARTMENT OF SOCIAL SECURITY, et al., Appellants.

(23 N. W.2d 279.)

(File No. 8828. Opinion filed June 3, 1946.)

**George T. Mickelson,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for Appellant.

**Dwight Campbell** and **Van Buren Perry,** both of Aberdeen, for Respondent.

SICKEL, J.   This is an action to quiet title.   The stipulation of facts shows that Thomas Kirchgasler was the owner of a residence situated on two lots in Aberdeen which. he and his family occupied until his death February 26, 1939.   Thereafter his widow occupied the property until the fall of 1940.   Then she moved away and leased the property to others, until October 5, 1944.   On December 19, 1932, the property was sold to Brown, county for the taxes of the year 1931.   Brown county held the certificate of tax sale until May 16, 1944, when it was assigned to A. N. Hoffman for $889.79, which was the amount due on the certifi-

cate, plus subsequent taxes. On July 11, 1944, the tax sale certificate was assigned to plaintiff who then gave notice to redeem, and obtained a tax deed October 5, 1944. Then plaintiff commenced this action. The State of South Dakota Department of Social Security answered alleging that the state is the holder of a social security lien on the entire property for old age assistance payments made to Thomas Kirchgasler during his lifetime amounting to $279, and is also the holder of a similar lien on a one-third interest in the property for old age assistance payments made to Magdalena Kirchgasler, the widow, amounting to $476.90. The other defendants made no appearance in the action. The circuit court entered judgment quieting title in plaintiff, free from all liens or other claims of defendants, and the state appealed.

The Social Security Law, SDC 55.36, was originally enacted as Ch. 220, S. L. of 1937. Section 23 of that Act, now SDC 55.3618, provides that the director of social security shall file in the office of the register of deeds a statement showing the amount of assistance granted, and containing notice that the state department claims a lien on all property belonging to the recipient, and that such statement shall from the date of filing: "Constitute a lien in favor of the State Department upon all of the property of said recipient," etc.

The liens involved in this case were filed June 6, 1938, and later. SDC 57.1119 in regard to tax deeds provides: "Such deed shall vest in the grantee an absolute estate in fee simple in such real property, subject, however, to all claims which the state may have therein for taxes, liens, or incumbrances."

Appellant claims that the respondent's interest in the property is subject to the social security liens of the state. In support of this contention it says that the interest acquired in the property by respondent under his tax deed vested as of the date of the assignment of the tax certificate by the county, and that this assignment was made after the filing of the old age assistance liens by the state. Respondent con-

tends that his rights under the deed vested as of the date on which the tax sale was held, which was prior to the enactment of the law creating social security liens, and that respondent's title is not subject to such liens.

■ A tax sale under our statutes is a contract between the state and the purchaser, the terms of which are to be found in the law which is in force when the sale takes place. State ex rel. Waldo v. Flypaa, 3 S. D. 586, 54 N. W. 599; Cain v. Ehrler, 36 S. D. 127, 153 N. W. 941. Any law passed after the sale, and which imposes new burdens on the purchaser, or which deprives the purchaser of any substantial right secured to him by the law as it existed at the time of the sale, impairs the obligation of the contract of sale, and is void as to such contract. State ex rel. Waldo v. Flypaa, supra; 16 C. J. S., Constitutional Law, §§ 285, 296.

■ Appellant, however, contends that these rules do not apply to a tax sale in which the county is a purchaser, and assigns the certificate to an individual after the social security liens have been filed. SDC 57.1108 authorizes the county treasurer to purchase real property at tax sale, in the name of the county, under circumstances therein stated, and provides: "Such county acquiring all the rights, both legal and equitable, that any purchaser could acquire by reason of such purchase."

The same section of the code provides for the assignment of tax certificates by the county treasurer, saying: "And he shall assign and deliver to such purchaser the certificate of purchase held by the county for such real property, which assignment and transfer shall convey unto such purchaser all the rights of the county, both legal and equitable, in and to such real property as much so as if he had been the original purchaser at the tax sale."

These statutes granted to counties the authority to become the purchaser at a tax sale on the same basis as individual, when there are no private bidders. Emmons County v. Bennett, 9 N. D. 131, 81 N. W. 22. By purchasing the property at tax sale the rights of the county became fixed as of the date of the tax sale. There is nothing in the Social Se-

curity Law which purports to fix a different or later time for determination of the rights of the county. Those rights were conveyed to the purchaser of the certificate of tax sale, who now holds them as effectively as if he had been the original purchaser at the sale though the assignments were made after the filing of the social security liens.

The judgment of the circuit court quieting title in respondent free from all liens or other claims of the appellant is affirmed.

The state assigned as error the taxation of costs against it in the circuit court. We believe that such costs were taxable under the rule stated in Chicago, St. P. M. & O. R. Co. v. Mundt, County Treasurer, 56 S. D. 530, 229 N. W. 394. Funds available for the expenses of defending the action are also available for the payment of costs.

MUNDT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.