2005 SD 107

**ASPEN STORAGE INC., Plaintiff and Appellee,**

v.

**Brandon FLANAGAN, Defendant and Appellant,**

and

**The City of Deadwood, a Municipal Corporation, and Lawrence County, Defendants.**

Nos. 23632, 23642.

Supreme Court of South Dakota.

Considered on Briefs on Oct. 3, 2005.

Decided Oct. 26, 2005.

Jerry C. Rachetto, Rachetto Law Office, Deadwood, South Dakota, Attorney for plaintiff and appellee.

Daniel R. Gukeisen of Clayborne & Loos, Rapid City, South Dakota, Attorneys for defendant and appellant.

ZINTER, Justice.

[¶ 1.] Brandon Flanagan acquired a deed to real property via a tax sale certificate. The circuit court held that the acquisition was void under SDCL 6–1–1 because Flanagan was a county commissioner at the time of the purchase and a county zoning administrator at the time of obtaining the tax deed. We affirm.

## Facts and Procedural History

[¶ 2.] The relevant facts of this case are not in dispute. Aspen Storage, Inc. is the owner of real property, Mineral Survey # 166 (MS 166), in Lawrence County. On July 24, 2003, Flanagan, while serving as a Lawrence County Commissioner, acquired a tax certificate to other real property, Mineral Survey # 848 (MS 848), that lies north of Aspen's land. On March 29, 2004, Flanagan was appointed Lawrence County Planning and Zoning Administrator (county zoning administrator) by the Lawrence County Commission. On September 7, 2004, Flanagan acquired a tax deed to MS 848 from the Lawrence County Treasurer's Office after the owner of record failed to redeem the tax certificate.

[¶ 3.] After acquiring the certificate and deed, Flanagan sought permission from Aspen to use an easement that had been granted by Aspen's predecessor in interest, D & H Construction, across MS 166 to reach MS 848.[1] Aspen declined.

[¶ 4.] On December 23, 2004, Aspen brought this declaratory judgment action against Flanagan, the City of Deadwood, and Lawrence County to preclude use of the easement. One of Aspen's theories was that Flanagan did not own the dominant tenement, MS 848, because he acquired the property in violation of SDCL 6–1–1, a conflict-of-interest statute. Cross motions for summary judgment were filed on the conflict-of-interest question. The trial court granted Aspen's motion for summary judgment, concluding that Flanagan's acquisition of the tax sale property violated SDCL 6–1–1. Flanagan appeals raising the following issues:

1. Whether the trial court erred in concluding that Flanagan's acquisition of tax sale property violated SDCL 6–1–1; and

2. Whether the trial court erred in concluding that a conflict exception in SDCL 6–1–2(1) did not apply to this acquisition.

Aspen raises the following issue by notice of review:

3. Whether the trial court erred in denying Aspen's motion to take the deposition of Flanagan pending appeal.

## Standard of Review

[¶ 5.] This appeal involves the interpretation of statutes. "Statutory interpretation and application are questions of law." *Block v. Drake,* 2004 SD 72, ¶ 8, 681 N.W.2d 460, 463 (citing *Steinberg v. State Dept. of Military Affairs,* 2000 SD 36, ¶ 6, 607 N.W.2d 596, 599). This Court reviews conclusions of law under the de novo standard with no deference afforded the trial court's decision. *Id.* (*citing City of Deadwood v. Summit, Inc.,* 2000 SD 29, ¶ 9, 607 N.W.2d 22, 25).

## Analysis and Decision

*Whether a county commissioner's acquisition of property through a tax certificate violated SDCL 6–1–1, a conflict-of-interest statute.*

[¶ 6.] Aspen contends that Flanagan's acquisition of MS 848 was void under SDCL 6–1–1 because Flanagan was a county commissioner and county zoning administrator when he purchased the certificate and obtained the deed. SDCL 6–1–1 provides:

It *shall be unlawful for any officer of a county,* municipality, township, or school district, who has been elected or appointed, *to be interested,* either by himself or agent, in any contract entered into by said county, municipality, township, or school district, either for labor

---

1. On May 20, 1980, D & H Construction, granted an easement to the City of Deadwood, allowing city employees to cross MS 166 to reach the land now claimed by Flanagan.

or services to be rendered, or for the purchase of commodities, materials, supplies, or equipment of any kind, the expense, price, or consideration of which is paid from public funds or from any assessment levied by said county, municipality, township, or school district, or *in the purchase of any real or personal property* belonging to the county, municipality, township, or school district or *which shall be sold for taxes* or assessments or by virtue of legal process at the suit of such county, municipality, township, or school district. *Such contract shall be null and void from the beginning.*

(Emphasis added.)

[¶ 7.] This statute prohibits any county officer from obtaining an interest in or purchasing real property which is sold for taxes. Here, Flanagan, first as a county

commissioner and later as county zoning administrator, was an officer of the county. Therefore, he was a member of the class of people who are prohibited from having an interest in or purchasing tax sale property under SDCL 6–1–1.

[¶ 8.] Flanagan, however, urges this Court to adopt an exception to the plain language of the statute. Flanagan argues that because the procedure for acquiring property at a tax sale is detailed by statute, and because the county's role in that procedure is ministerial in nature, the conflict of interest statute should not apply. We disagree. While it is true that the county's role in selling property at tax sales is largely ministerial, the statute makes no exception for ministerial acts. In addition, the Legislature has created a list of express statutory exceptions. *See* SDCL 6–1–2.[2] However, the Legislature

---

2. SDCL 6–1–2 provides.

The provisions of § 6–1–1 are not applicable if the contract is made pursuant to any one of the conditions set forth in the following subdivisions, without fraud or deceit; but, the contract is voidable if the provisions of the applicable subdivision were not fully satisfied or present at the time the contract was entered into:

(1) Any contract involving three thousand dollars or less regardless of whether other sources of supply or services are available within the county, municipality, township, or school district, if the consideration for such supplies or services is reasonable and just;

(2) Any contract involving more than three thousand dollars but less than the amount for which competitive bidding is required, and there is no other source of supply or services available within the county, municipality, township, or school district if the consideration for such supplies or services is reasonable and just and if the accumulated total of such contracts paid during any given fiscal year does not exceed the amount specified in § 5–18–3;

(3) Any contract with any firm, association, corporation, or cooperative association for which competitive bidding is not required and where other sources of supply and services are available within the county, municipality, township or school district, and the consideration for such supplies or services is reasonable and just, unless the majority of the governing body are members or stockholders who collectively have controlling interest, or any one of them is an officer or manager of any such firm, association, corporation, or cooperative association, in which case any such contract is null and void;

(4) Any contract with any firm, association, corporation, or cooperative association for which competitive bidding procedures are followed pursuant to chapter 5–18, and where more than one such competitive bid is submitted;

(5) Any contract for professional services with any individual, firm, association, corporation, or cooperative, if the individual or any member of the firm, association, corporation, or cooperative is an elected or appointed officer of a county, municipality, township, or school district, whether or not other sources of such services are available within the county, municipality, township, or school district, if the consideration for such services is reasonable and just;

(6) Any contract for commodities, materials, supplies, or equipment found in the state price list established pursuant to § 5–

did not create an exception for property that is sold by the county pursuant to a ministerial act. Because the Legislature has adopted exceptions, but declined to adopt Flanagan's proposed ministerial exception, it will not be recognized by this Court.

[¶ 9.] Flanagan finally argues that there was no conflict because he was a county official and the tax sale involved the State rather than Lawrence County. Flanagan relies on *Perry v. State Department of Social Security*, 71 S.D. 247, 250, 23 N.W.2d 279, 281 (1946) for the proposition that a "tax sale under our statutes is a contract between *the state* and the purchaser, the terms of which are to be found in the law which is in force when the sale takes place" (emphasis added) (*citing State ex rel. Waldo v. Fylpaa*, 3 S.D. 586, 54 N.W. 599 (1893)). However, Flanagan fails to recognize that *Perry* used the term "state" and "county" interchangeably throughout the opinion. Furthermore, *Perry* was decided nine years before the Legislature enacted SDCL 6–1–1. Therefore, the *Perry* reference to the "state" could not have been intended to permit county officials to purchase property sold for taxes.

[¶ 10.] We determine the intent of the Legislature by using the plain language employed in the statute. *See Sanford v. Sanford*, 2005 SD 34, ¶ 13, 694 N.W.2d 283, 287. (*citing State v. Myrl & Roy's Paving, Inc.*, 2004 SD 98, ¶ 6, 686 N.W.2d 651, 653). In enacting this legislation, the Legislature clearly prohibited county officials from having an interest in or purchasing property sold at tax sales. Although the Legislature created certain

express exceptions, it left no room for implied exceptions. Therefore, the purchase by Flanagan was presumptively void under SDCL 6–1–1.

*Did an express exception in*
*SDCL 6–1–2(1) apply.*

[¶ 11.] Flanagan contends that if SDCL 6–1–1 applies, the purchase falls within an exception in SDCL 6–1–2(1), which provides:

> The provisions of § 6–1–1 are not applicable if the contract is made pursuant to any one of the conditions set forth in the following subdivisions, without fraud or deceit; but, the contract is voidable if the provisions of the applicable subdivision were not fully satisfied or present at the time the contract was entered into:
>
> (1) Any contract involving three thousand dollars or less regardless of whether other *sources of supply or services* are available within the county, municipality, township, or school district, if the consideration for such *supplies or services* is reasonable and just[.]

(Emphasis added). Flanagan argues that because he purchased the real property for less than $3,000, ($1,560.54), his purchase falls within this exception.

[¶ 12.] However, the $3,000 exception is only for "supplies" and "services." Therefore, it does not apply to the real estate claimed by Flanagan. We conclude that because this attempted acquisition was not exempted by SDCL 6–1–2(1), it was void under SDCL 6–1–1.

23–8.1, at the price there established or below; and

(7) Any contract or agreement between a governmental entity specified in § 6–1–1 and a public postsecondary educational institution if an employee of the Board of

Regents serves as an elected or appointed officer for the governmental entity, and if the employee does not receive direct compensation or payment as a result of the contract or agreement.

*Aspen's motion to take the deposition of Flanagan pending appeal.*

[¶ 13.] Aspen contends that the trial court erred in denying its motion to take the deposition of Flanagan pending this appeal. Because this Court has decided the appeal, the issue is now moot and we decline to address it.

[¶ 14.] Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.