#24212, #24213-a-JKK
**2007 SD 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *
#24212

ASPEN STORAGE, INC.,                                    Plaintiff and Appellee,
        v.
LAWRENCE COUNTY and
CRAIG R. HAYES,                                         Defendants,
        v.
BRANDON FLANAGAN,                                       Defendant, Third Party
                                                        Plaintiff and Appellant,

        v.

RAYMOND HERTEL and DELORES
HERTEL aka ELOISE HERTEL,                               Third Party Defendants.

-----------------------------------------------------------------------------------------------------------------
#24213

ASPEN STORAGE, INC.,                                    Plaintiff and Appellee,
        v.
BRANDON FLANAGAN,                                       Defendant and Appellant,

THE CITY OF DEADWOOD,
a municipal corporation, and
LAWRENCE COUNTY,                                        Defendants.

* * * *
APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA
* * * *
HONORABLE WARREN G. JOHNSON
Judge
* * * *

JERRY C. RACHETTO                                       Attorney for appellees
Deadwood, South Dakota                                  Aspen Storage, Inc.

BRANDON FLANAGAN
Spearfish, South Dakota                                 Pro Se appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 13, 2007

OPINION FILED **07/03/07**

KONENKAMP, Justice

[¶1.]    In *Aspen Storage, Inc. v. Flanagan (Aspen I)*, 2005 SD 107, ¶10, 705 NW2d 863, 866, we affirmed the circuit court's judgment voiding a tax deed because a county official obtained it in violation of SDCL 6-1-1.  However, while the appeal was pending, the county official acquired a quit claim deed from the owner of the same property.  In a second suit, the circuit court voided the quit claim deed as another violation of SDCL 6-1-1.  We affirm.

## Background

[¶2.]    On August 9, 1989, Lawrence County quit claimed to Craig Hayes the following described real property located in Lawrence County:  "Inside Deadwood, Pt Wilmington P.C. 848 (22 acres more or loss [sic])," and referred to as Mineral Survey (MS) 848.  In 1997, Hayes became delinquent on his property taxes.  On December 21, 1998, Lawrence County issued itself a "Treasurer's Certificate of Tax Sale" reflecting that MS 848 was "sold" to Lawrence County for delinquent taxes.[1]

[¶3.]    On July 24, 2003, Lawrence County "assigned . . . all right, title and interest in [the] Certificate" to Brandon Flanagan.  After the certificate was assigned to Flanagan, he issued a "Notice of Intent to Take Tax Deed" informing Hayes that he had sixty days from the last day of the publication to redeem his

---

1.    Our review of the record does not reveal whether before deeding the property to itself the county first attempted to sell it at a public sale in accordance with SDCL chapter 10-23.  However, because SDCL 10-23-24 permits a county to "bid off . . . real property offered at such sale[,]" when "there are no other bidders offering the amount due," we presume that Lawrence County first held a public sale drawing no bidders.

interest in the property. Because Hayes did not redeem, on September 9, 2004, Lawrence County issued Flanagan a "Tax Deed" to the property.

[¶4.] At the time the tax sale certificate was assigned to him, Flanagan was a Lawrence County Commissioner. When the county issued him the tax deed, he was the Lawrence County Planning and Zoning Administrator. Because Flanagan was a county official at the time of the transaction, Aspen Storage, Inc., who owned land just south of MS 848, brought an action requesting that the circuit court declare the tax deed void. The circuit court applied SDCL 6-1-1 and voided the deed. Flanagan appealed. On October 25, 2005, we affirmed the circuit court's ruling, holding that SDCL 6-1-1 "prohibits any county officer from obtaining an interest in or purchasing real property which is sold for taxes." *Aspen I*, 2005 SD 107, ¶7, 705 NW2d at 865.

[¶5.] While *Aspen I* was pending, on June 17, 2005, Flanagan obtained a quit claim deed from Hayes for MS 848. On August 10, 2005, Aspen Storage brought a second action against Flanagan, requesting that the circuit court void the quit claim deed and award damages. According to Aspen Storage, SDCL 6-1-1 still precluded Flanagan from obtaining an interest in MS 848 because he was a county official. Moreover, it asserted that MS 848 was not Hayes's property to convey because it was being held by Lawrence County. Flanagan argued that the quit claim deed was a transaction between two private individuals and, thus, outside the scope of SDCL 6-1-1. He further asserted that Hayes, not Lawrence County, had the transferable interest in MS 848 after this Court's decision in *Aspen I* and the circuit court's amended order. Flanagan counterclaimed against Aspen Storage,

requesting the court to make a boundary determination between MS 848 and Aspen Storage's property and alleging Aspen Storage intentionally inflicted emotional distress.

[¶6.]     After multiple hearings, the circuit court issued an order granting Aspen Storage's motion for summary judgment. The court cancelled the quit claim deed from Hayes to Flanagan as a violation of SDCL 6-1-1 because "at the time of the transaction Flanagan was a county official," and it was "property which the county held for taxes." In an amended order for summary judgment, the court declared that "Lawrence County is restored to its status as the holder of the tax sale certificate, as its interest existed on July 24, 2003, immediately prior to the sale to Flanagan."[2] Along with granting a judgment cancelling the quit claim deed, the court also dismissed Flanagan's claims against Aspen Storage.

[¶7.]     Contemporaneous with the suit to void the quit claim deed, Flanagan brought a declaratory action against Aspen Storage to determine the parties' rights with respect to an easement across Aspen Storage's property. Because the circuit court found that the easement had been relinquished, it extinguished the easement. Flanagan appeals both cases. As our decision on the quit claim deed issue moots the easement appeal, we consolidate both appeals in this opinion.

## Analysis and Decision

[¶8.]     According to Flanagan, SDCL 6-1-1 does not preclude him from acquiring an interest in MS 848 by quit claim deed from a private citizen. He

---

2.     This amended order is included in the record for the pending appeal in #24213, of which we take judicial notice.

asserts that our holding in *Aspen I* only prohibited him from obtaining an interest in property that the county held for taxes. MS 848, he argues, was not sold for taxes, but instead was sold by Hayes, an individual, to Flanagan, an individual. In Flanagan's view, MS 848 "reverted back to the way it was the day Flanagan purchased the tax certificate" and, therefore, "ownership remained with Craig R. Hayes." Aspen Storage, on the other hand, asserts that MS 848 is now, and was on June 17, 2005, being held by Lawrence County for taxes. Therefore, under SDCL 6-1-1, Aspen Storage maintains that Flanagan could not acquire an interest in the property.

[¶9.]  Statutory interpretation is a question of law reviewed de novo. Town Square Ltd. P'ship v. Clay County Bd. of Equalization, 2005 SD 99, ¶9 n1, 704 NW2d 896, 899 n1 (citing Fall River County v. S.D. Dep't of Rev., 1999 SD 139, ¶15, 601 NW2d 816, 821 (citations omitted)). It is undisputed that SDCL 6-1-1 prohibits Flanagan from having an interest in real property that "shall be sold for taxes. . . ." Therefore, we must determine if, at the time Flanagan acquired MS 848 by quit claim deed from Hayes, MS 848 was property that was sold for taxes. Because of our ruling in *Aspen I*, the tax deed issued to Flanagan was declared null and void from the beginning. *See* 2005 SD 107, ¶10, 705 NW2d at 866 (relying on SDCL 6-1-1). In accordance with our ruling, the circuit court issued an amended order of summary judgment, restoring Lawrence County "to its status as the holder of the tax sale certificate, as its interest existed on July 24, 2003, immediately prior to the sale to Flanagan."

[¶10.]     When Hayes quit claimed MS 848 to Flanagan on June 17, 2005, MS 848 was property on which a tax deed had been issued.  Following our remand in *Aspen I,* the property had not technically completed the sale process because Lawrence County was still the holder of the certificate of tax sale.  However, Flanagan was a county official.  Under SDCL 6-1-1, Flanagan could not obtain an interest in MS 848.  Although Craig Hayes could quit claim whatever interest he had, Flanagan could not obtain such interest because the certificate had issued and the parcel remained property "which *shall be sold* for taxes. . . ."  *Id.* (emphasis added).  Furthermore, Flanagan, as a county official, could not obtain indirectly (by quit claim deed) what he could not do directly (by acquisition of tax deed).  The court's judgment canceling the quit claim deed is affirmed.  Because of our resolution of this issue we need not address Flanagan's easement appeal, as he has no interest in MS 848.

[¶11.]     Affirmed.

[¶12.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.